# Ross *v.* The State.

## Indictment for Murder.

1. *Charge as to reasonable doubt, or sufficiency of proof.*—A charge which instructs the jury that they ought to acquit the defendant, "if, after a rational sifting and weighing of the whole evidence, they are not indubitably certain that he is guilty;" or that, "if they can not tell where the truth indubitably lies, this would furnish a just ground for a reasonable doubt, and they ought to acquit," is each properly refused.

FROM the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant was indicted, tried and convicted for the murder of Lewis Lawson, by shooting him with a gun; and was sentenced to the penitentiary for life. On the trial of the

cause, as is shown by the bill of exceptions, the testimony introduced for the State showed that, on the 9th of November, 1890, the deceased, one Lawson, a negro, was shot and killed by the defendant, another negro. The evidence further tended to show that the shooting was done with a double-barrelled gun loaded with "slugs," and "was done from ambush—the defendant standing behind a tree." The evidence for the defendant tended to prove, that the deceased had, at various times and places, threatened the life of the defendant; that said threats had been communicated to the defendant; that on the morning of the killing, the deceased again made such threats in the presence of the defendant; that after borrowing a gun, the defendant was proceeding to Mount Vernon, to have a peace bond made out against the deceased; that upon meeting the deceased in the road, he made "a threatening motion by putting his hand to his hip," whereupon the defendant fired the two fatal shots.

The defendant requested the following written charges, and duly excepted to the refusal of each of them: (3) "The jury ought to acquit the defendant, if, after a rational sifting and weighing of the whole evidence in this case, they are not indubitably certain that he is guilty." (6) "The court instructs the jury, that they are the sole and exclusive judges of the credibility of the witnesses, and of the weight of the testimony. In other words, the jury are the sole determiners of the questions of fact, and if, according to the evidence against the defendant, he would be guilty, but according to the evidence in his favor he would be innocent, and the jury can not tell where the truth indubitably lies, this would furnish a just ground for a reasonable doubt, and the defendant ought to be acquitted."

No counsel marked for the appellant.

WM. L. MARTIN, Attorney-General for the State.

WALKER, J.—The jury are not required to acquit, in a criminal case, because they are not "indubitably certain" that the defendant is guilty, or because, on the whole evidence, they may be unable to say "where the truth indubitably lies." Obedience to the two charges requested by the defendant, would have required an acquittal, unless the evidence of guilt had been such as to remove all doubt from the minds of the jury.—Webster's International Dictionary. Under these instructions, any possible, speculative or imaginary doubt would have been sufficient to prevent a conviction. That the doubt which the jury are authorized to regard as an obstacle in the

[Smith v. The State.]

way of a conviction must be a reasonable doubt, and that the statement of the requisite of reasonableness is essential to the correctness of a charge on the subject, are familiar and well settled propositions. *Perry v. State*, 87 Ala. 30; *Humbree v. The State*, 81 Ala. 67; *Linton v. The State*, 88 Ala. 216.

The refusal to give the two charges requested by the defendant was manifestly proper.

Affirmed.