[Brown v. The State.]

# Brown *v*. The State.

*Indictment for Robbery.*

1. *Trial and its incidents; when defendant shown to have been served with a copy of the indictment.*—Where, on a trial in a capital case, the record shows that at the time of the arignment of the defendant and on the day set for the trial of the case, at which latter date it was continued, the defendant admitted, in open court, that he had been duly served with a copy of the indictment, it sufficiently appears that the copy of the indictment was served on the defendant as required by law; and a motion to quash the venire for failure to serve the defendant with a copy of the indictment is properly overruled.

2. *Robbery; evidence as to the nature and extent of violence to the person robbed admissible.*—Robbery being an offense against the person, as well as against the property of the party robbed, on a trial under an indictment for robbery, it is competent for the party robbed to show by his testimony the nature and extent of the violence inflicted on his person by the defendant.

3. *Evidence; testimony as to another person being suspected of the crime charged inadmissible.*—While it is permissible for the defendant in a criminal prosecution to show that another, and not he, was guilty of the specific crime charged, it is not competent for him to introduce evidence that another was merely suspected of the commission of the crime

4. *Same; when confessions admissible.*—When it is shown by the testimony that confessions were made by the defendant without inducements or threats, such confessions are voluntary and properly admitted.

5. *Same; variance; admissibility in evidence of a paper described in the indictment.*—An indictment for robbery, which describes the paper feloniously taken as "one two dollar United States Treasury note and thirteen dollars in the silver coin of the United States, *a further description of which is to the grand jury unknown,*" sufficiently describes the two dollar note, and the portion of the quotation here italicised has reference to the silver coin; and, therefore, a two dollar United States currency note, identified by the person robbed as the one taken from him, by reason of its having some particular mark on it, and which note was before the grand jury, is admissible in evidence, and there is no variance in such Treasury note from the one described in the indictment.

[Brown v. The State.]

6. *Robbery; admissibility in evidence of purse stolen, though it contained*
   *other articles than those described in the indictment; variance.*
   Where, in the commission of robbery, there is taken from the
   person robbed, a purse which contains money and receipts and
   other papers, it is not necessary that the indictment charging
   the robbery should aver and describe everything contained in
   the pocket-book when stolen, and on a trial under an indict-
   ment for such offense, which charges only the taking of money,
   there is not a fatal variance which prevents a conviction, by
   reason of the State's failing to also aver and prove that the
   purse contained the receipts and other papers of value to the
   owner.

APPEAL from the City Court of Montgomery.
Tried before the Hon. A. D. SAYRE.

The appellant, William Brown, was tried under the
following indictment : "The grand jury of said county
charge that before the finding of this indictment,
William Brown feloniously took one two dollar United
States Treasury note and thirteen dollars in the silver
coin of the United States, a further description of which
is to the grand jury unknown, the property of Jasper
Hicks, from his person, and against his will by violence
to his person, or by putting him in such fear as unwill-
ingly to part with the same, against the peace," &c.
The defendant was convicted of the offense charged, and
sentenced to be hanged. The indictment was presented
July 23, 1898. On November 4, 1898, the defendant
was arraigned and the day set for his trial, and a special
venire was ordered summoned and a list of the names
of the several jurors to be served on the defendant. The
minute entry of this arraignment and order of the court
contained the following recital : "And defendant ac-
knowledges in open court that he has heretofore been
served with a copy of the indictment in this case." The
judgment entry of the defendant's conviction recited
that the defendant did, on November 4, 1898, acknowl-
edge in open court and at the former term of the court,
that he had been duly served with a copy of the indict-
ment.

Before entering upon the trial, the defendant moved
the court to quash the venire, because a copy of the in-

dictment had not been served upon the defendant according to law. The court overruled this motion, and to this ruling the defendant duly excepted.

The State introduced as a witness Jasper Hicks, the man alleged to have been robbed, who testified that on the evening of April 29, 1898, as he was going home along one of the streets in the city of Montgomery, he was knocked down by a severe blow on his head and rendered insensible; that at the time he was struck he had on his person twenty-seven dollars altogether, having in his pocket-book a two dollar bill and several receipts for money paid out by witness, and in his pocket he had thirteen silver one dollar pieces, and in another pocket he had the balance of the money; that the pocket-book containing the two dollar bill and the thirteen silver dollars were taken. Upon being shown a two dollar bill, the witness stated that he recognized the bill as the one which had been in the pocket-book at the time he was robbed. The bill had a piece torn off of one corner, and the presiding judge asked the witness if at the time he was robbed the bill was torn in the same way, to which the witness replied that it was. The witness also examined the receipts and testified that they were the same that were in his pocket-book at the time he was robbed. Prior to the examination of this witness, the State had introduced as a witness the physician who had sewed up the wound inflicted upon Jasper Hicks, and this witness testified as to the character of the wound. Upon further examination of J. H. Hicks as a witness, he was asked the following question: "What has been the effect upon you of this assault?" The defendant objected to this question, on the ground that it called for illegal and irrelevant evidence. The court overruled the objection, and the defendant duly excepted. The witness in answer to the question testified that he was sick for some time afterwards, that he had been permanently affected by the blow, in that his sense of smell and taste had been impaired; that he has a dizzy feeling when he goes to get up, and that when he stoops over he has a feeling like vertigo; and none of these affections he had before he was struck. The defendant moved to exclude this answer from the jury, on

1898.] OF ALABAMA. **345**

[Brown v. The State.]

the ground that such testimony was illegal and irrelevant and had no connection with the issue involved in this case. The court overruled this motion, and the defendant duly excepted. This witness, on cross-examination, testified that he was a witness before the grand jury, and that during his examination before the grand jury he stated to them that the money taken from him was the two dollar bill referred to and thirteen dollars in silver money, and that the receipts and pocket-book and the two dollar bill were all exhibited to him while being examined as a witness before the grand jury. The witness was asked by the defendant if any one else than the defendant was suspected of the robbery. The solicitor objected to this question, which objection the court sustained, and the defendant duly excepted. Upon the examination of the two special officers of the police department of the city of Montgomery, they each testified to facts which traced the possession of the two dollar bill identified as being in the possession of Jasper Hicks at the time of the robbery to the defendant, William Brown, just after the robbery. They each also testified that the defendant told them, when together, how he had disposed of said two dollar bill, and to other statements by the defendant in which he incriminated himself. The defendant objected to each of these statements upon the ground that what the defendant said by way of an admission or confession was not shown to have been voluntary and the evidence was illegal and inadmissible. Thereupon the solicitor for the State asked each of the witnesses, on their separate examinations, if he had offered any inducement or made any promises or threats to the defendant to cause him to tell what the witness testified to. Upon each of the witnesses answering that they had offered no inducement and made no promises or threats to the defendant, the court overruled each of the objections of the defendant, and to each these rulings the defendant separately excepted.

The State offered in evidence the two dollar bill, which, as recited in the bill of exceptions, "was a two dollar United States Treasury note, and which had been exhibited to the different witnesses;" and the State also offered the receipts which the witness, Hicks, testified was in the pocket-book at the time he was robbed. The

[Brown v. The State.]

defendant objected to the introduction of the two dollar bill and these receipts, upon the ground of variance from the paper described in the indictment. The court overruled the objection, and the defendant duly excepted, Upon the cross-examination of several of the witnesses introduced for the State, the defendant asked the said witnesses if any one else had been suspected of the robbery with which the defendant was charged. To each of such questions the solicitor objected, upon the grounds interposed to the similar question, as set out above. The court sustained each of such objections, and the defendant separately excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (A.) "If the jury find from the evidence that the property stolen was money in a pocket-book, which pocket-book also contained receipts and other papers even of nominal value to the owner, which papers were also stolen, and the indictment specifies only the following property : one two dollar United States Treasury note and thirteen dollars in the silver coin of the United States, then the jury can not convict under the indictment." (B.) "The court charges the jury that if they find from the evidence that several things of value were the subject of this robbery, and that each was of a distinct description and belonged to a separate species, and if the grand jury which found the indictment knew at the time of finding the indictment that several kinds of property were stolen and knew the description of each kind, then the jury must acquit." (C.) "If the number and denomination of the coins taken from the defendant, or some of them, were known to the grand jury, the court instructs the jury to acquit under the indictment." (D.) "If the jury believe the evidence in this case, they should find the defendant not guilty." (8.) "The court instructs you to acquit under this indictment, if the evidence shows the two dollar treasury note was capable of a further material description, and such material description was known to the grand jury." (9.) "If it be a fact that the two dollar treasury note

alleged to have been taken by this defendant had a mark
on it which served to distinguish it from any other two
dollar treasury note, and such mark was known to the
grand jury, a conviction can not be had under this in-
dictment." (10.) "If the jury believe from the evidence
that the grand jury, which found the indictment, under
which the defendant is here prosecuted, knew when it
found said indictment a further description of the two
dollar treasury note said to have been taken, and that
said further description was such as would serve and
did so serve to materially distinguish the two dollar treas-
ury note, from any other two dollar treasury note, the
defendant can not be convicted under this indictment."
(11.) "If the jury believe that the evidence about the
two dollar bill applied entirely to the marked two dollar
bill, and that without such mark Hicks and the other
witnesses would not be able to identify it, as the two dol-
lar treasury note described in the indictment, it will be
the duty of the jury to acquit." (13.) "If the defendant
names the person from whom he obtained the stolen
property, the burden is upon the prosecution to produce
as a witness the person so named in order that the jury
may judge of such person's testimony, and the jury may
consider the failure to produce him, along with the other
circumstances of the case."

HUGH NELSON, for appellant.—The motion to quash
the venire should have been granted.—*Barnett v. State*,
83 Ala. 40. The indictment was not subject to demur-
rer, but the proof showed a variance, and defendant was
entitled to be allowed to take advantage of it, which he
endeavored to do by objection to the evidence, and by
request in writing for charges of the court. The indict-
ment mentions no receipts, nor marked two dollar bill,
yet the whole evidence against the defendant consists of
an attempt to fasten the crime on him by means of the
marked two dollar bill and the receipts. There is no
mention whatever in the indictment of the receipts that
were disclosed by the evidence, yet they were the sub-
ject of robbery, and were very material in fastening
the crime upon the defendant. It is just as important
to give the description in an indictment for robbery, as
it is to give the value in larceny.—*Leonard v. State*, 115

Ala. 80 ; *James v. State*, 115 Ala. 83 ; *Winter v. State*, 90 Ala. 637 ; *Duvall v. State*, 63 Ala. 18 ; *Wells v. State*, 88 Ala. 239.

The confessions testified to by the witnesses for the State were not shown to have been voluntary, and, therefore, inadmissible.—*Redd v. State*, 69 Ala. 255 ; *Stone v. State*, 105 Ala. 60 ; *Barker v. People*, 60 Mich. 277.

CHARLES G. BROWN, Attorney-General, for the State. The confessions introduced in evidence were admissible There was no variance.—*Owens v. State*, 104 Ala 18 ; *Carden v. State*, 89 Ala. 130 ; *Childress v. State*, 86 Ala. 77 ; *Gady v. State*, 83 Ala. 51 ; *Leonard v. State*, 115 Ala. 80 ; *Spicer v. State*, 69 Ala. 159 ; *Jackson v. State*, 69 Ala. 249.

The fact that another was suspected of the crime was not admissible.—*West v. State*, 54 Ala. 527 ; *Levison v. State*, 54 Ala. 520 ; *Gady v. State*, 83 Ala. 51.

HARALSON, J.—1. There is nothing in the objec- that it did not appear a copy of the indictment had been served on the defendant as required by statute. It does appear, that defendant admitted in open court at the trial that at the preceding July term, 1898, when the case was set for trial but afterwards continued, he had been duly served with a copy of the indictment. This was sufficient.

2. Robbery is an offense against the person as well as well as against the property of the party robbed,—against the person by violence, and against the property by man- ucaption with felonious intent of taking the property. *James v. The State*, 53 Ala. 381 ; *Thomas v. The State*, 91 Ala. 34. There was no error, therefore, in allowing the prosecutor, Hicks, to show the nature and extent of the violence to his person, employed by the robber.

3. It is always permissible for a defendant accused of a specific crime, to show that another, and not he was the guilty party ; but it is not competent for the accused to show, merely, that another was suspected of the com- mission of the crime. The several offers of defendant to prove such a fact were properly disallowed.—*Levison v. The State*, 54 Ala. 520, 527 ; *Banks v. The State*, 72 Ala. 522 ; *West v. The State*, 76 Ala. 98.

[Brown v. The State.]

4. The confessions of defendant admitted against the objections of the defendant, were not allowed to go to the jury, until the witnesses testifying to them had shown that they were voluntary,—made without inducement or threats on their part to procure them,—and were, therefore, properly admitted.

5. The indictment was in due form and unchallenged by demurrer. It did not charge that defendant took two dollars in United States Treasury notes, but as to the note mentioned, it charged that he "feloniously took, one two dollar United States Treasury note." The description designates the bill circulating as money by authority of the General Government, and *ex vi termini* the kind or species of money,—national paper currency. It identifies it as one of the things stolen, and shows it to be a subject of larceny. The kind, denomination and value are sufficiently averred. Such was the decision of this court in *Carden v. The State*, 89 Ala. 130, as to a similar averment, in which case the court said: "The description in the indictment being sufficient, whether a more particular description was to the grand jury unknown, becomes an immaterial inquiry. Such an averment in an indictment, sufficiently describing the thing stolen, must be regarded as surplusage."

The averment of the taking of the treasury note, is followed by another averment in a separate clause, the two connected by the conjunction "and," as follows, "and thirteen dollars in the silver coin of the United States, *a further description of which is to the grand jury unknown*;" the whole averment as to each species of property being, that defendant "feloniously took, one two dollar United States Treasury note and thirteen dollars in the silver coin of the United States, a further description," etc. This latter averment, as to the silver coin, in the first place, is uncertain as to the denominations of the coin stolen, whether they were in whole or in part in one dollar, half dollar, quarter, ten or five cent pieces. If they had been in either or in mixed silver coins, they would have answered the description. This description was, therefore, without more, not sufficient, and it becomes necessary, as to these, to add the averment, found in the indictment, as to their being unknown. That this averment, which we have quoted and

italicized above, must be construed as referring to the silver, and not to the treasury note, arises from more than one consideration. The note, as we have seen, was sufficiently described, without these words, and there was no necessity or propriety in employing them in aid of an indefinite or insufficient description of it. The words "a description," indicates that reference was made to one of the two preceding clauses in the sentence in which they occur, and to one species of property described, and not to both. If intended to apply to both clauses and to each subject of the larceny, the words "further descriptions," would have been more correctly employed. The averment of the taking of the silver coins being of a separate species of property taken from that of the treasury note, and being an insufficient description of them, the compound relative pronoun, "which," in the phrase, "a further description of which," must be held to refer to the latter insufficiently described species of property, and not to the former, which was sufficiently described. If the averment had been, as to the treasury note, that a further description of it than that given was unknown to the grand jury, and it appeared as it did, that the grand jury had the bill before them, when they found the indictment, then the defendant could not have been convicted under such an indictment, on the ground that it would have been an untrue averment.—*James v. The State*, 115 Ala. 83 ; *Leonard v. The State*, 115 Ala. 80.

6.   The evidence showed that the identical two dollar treasury note stolen from the party robbed, was before the grand jury, but none of the silver coins were, so far as is made to appear. Indeed, it reasonably appears they were not. It further shows, without conflict, that the silver taken was in the denominations of one dollar pieces.

There was no error in allowing the two dollar bill, identified as the one taken, to go to the jury, on the ground urged against its admission, that there was a variance in the bill from the property described in the indictment.

7.   There is nothing in the contention, if the pocket-book stolen contained, besides the money mentioned in

the indictment, receipts and other papers of nominal value to the owner, which papers were also stolen, that the defendant could not be convicted for having robbed the owner merely of his money. It was not incumbent on the State to aver and describe everything the pocket-book contained when stolen, but it might, as it did do, proceed for the taking of any part of its contents which were of value. The contention is the same as if a thief steals two or more horses, he can not be indicted and convicted for stealing one of them.

The charges asked and refused will, without special comment on each, appear to have been properly refused.

We discover no error in the record, and the judgment and sentence of the court below are affirmed.

Affirmed.

