# Walkley v. The State.

### *Indictment for Assault and Battery.*

1. *Trial and its incidents; right of court to adjourn from time to time.*—A court has the inherent power to adjourn its sitting from time to time within the time allowed by law for holding the term; and the exercise of this power operates merely as a postponement of the business, and is not the ending of the term; and, therefore, under the statute regulating the terms of and proceedings in the county court of Elmore county, providing that the regular term "may continue until the business is disposed of," (Local Acts, 1898-99, p. 257), the adjournment of the court upon the day fixed for the holding of the regular term, to some subsequent day, prior to the time of holding the next succeeding term, does not amount to an adjournment *sine die*, but is a temporary adjournment from one day to another day of said regular term.

2. *Pleading and practice; sufficiency of replication to plea of former conviction.*—A replication to the plea of former conviction which does not either expressly or impliedly deny the facts averred in said plea nor present any issue of fact, is subject to demurrer.

3. *Trial and its incidents; reading from law books in argument to jury.*—It is not error for the court to refuse to allow de-

[Walkley v. The State.]

fendant's counsel in his argument to the jury to read extracts from law books.

4. *Assault and battery; charge to the jury.*—In a prosecution for an assault and battery, where the evidence for the defendant tends to show that the day before the commission of the assault the person assaulted, who was a school teacher, had immoderately whipped the son of the defendant, a charge is erroneous and properly refused which assumes that the defendant might be legally justified in committing the assault and battery, upon the ground that his son had been so punished.

APPEAL from the County Court of Elmore.

Tried before the Hon. H. K. LANCASTER.

On December 31, 1900, an affidavit was made before the judge of the county court charging the appellant with an assault on L. N. Duncan, and a warrant was issued thereon charging him with assault and battery.

The regular term of the court convened on the third Monday, which was the 19th day of August. (Local Acts, 1898-99, p. 257.) The jury was summoned to appear on that day, but the venire was not returned into court by the sheriff until September 2. The record shows that on August 19, the judge ordered the court adjourned until September 2, which order was entered by the clerk, but no order was made in reference to the jury.

Defendant objected by plea that he could not be put to trial as the term being held was not a regular term, that no jury trial could be had except at a regular term, and he was entitled to a jury trial. The court overruled this plea and held it for naught and forced defendant to go to trial. Defendant raised the same objection by offering evidence in support of his plea, but the court overruled it, and he duly excepted.

Defendant filed a plea of former jeopardy in that he had been, on February 21, 1901, in the same court, tried and convicted, on a warrant sworn out on December 20, 1900, charging him with disturbing an assemblage met for school purposes or holiday, which the plea avers was created at the Fifth Agricultural School at Wetumpka, on December 20, 1900, by defendant assaulting and beating one L. N. Duncan, and from no

other cause or act of defendant; that defendant struck
Duncan only once, and for this, his only act, he was
convicted on the charge of disturbance, etc., as afore-
said, in February, 1901; that the assault and battery
here charged is the same identical act, and not other-
wise, for which he has already been prosecuted and con-
victed on the charge of disturbance, etc. There was no
demurrer to this plea. The State replied, admitting
the prosecution and conviction of disturbance, etc., and
that such disturbance consisted of the assault and bat-
tery at the school on December 20, 1900, but denying
that defendant had been tried for an assault and bat-
tery on Duncan on December 20, at the school, and de-
nied that defendant had ever been tried for the offense
of assault and battery on Duncan on that date, or that
the offense for which the defendant was tried in Feb-
ruary was the same offense as that for which he is now
on trial.

To this replication defendant demurred on the fol-
lowing grounds in substance: 1. That the replication
fails to set up facts independent of or *dehors* the plea
that justified the further prosecution of defendant. 2.
That the replication neither confesses nor denies mate-
rial averments of the plea, nor sets out new or inde-
pendent facts justifying the further prosecution of this
suit. The court-overruled the demurrer to the repli-
cation and defendant excepted.

The evidence showed that Duncan was a teacher in
the Agricultural school on December 20, 1900, and dur-
ing the day before had chastised his pupil, Earle
Walkley, the son of the defendant; that there was an
entertainment in the auditorium of the school in the
night of that day, and defendant there assaulted and
beat Duncan by striking him one blow. There was ev-
idence for defendant tending to show that Duncan's
chastisement of defendant's son was immoderate and
did him very considerable bodily harm; while there
was evidence for the State tending to show that said
punishment was not severe or immoderate.

Defendant's counsel in the course of the argument to
the jury after reading parts of 1 Blackstone's Commen-
taries, p. 449, proposed and offered to read therefrom the

following: "Nay, when a man's son was beaten by another boy and the father went near a mile to find him and there revenge his son's quarrel by beating the other boy of which he afterwards unfortunately died, it was held not to be murder, but manslaughter merely. Such indulgence does the law show to the frailty of human nature and the workings of parental affection." This had been previously read to the court in arguing the competency of testimony, and when counsel proposed and was proceding to read it to the jury, the court, *ex mero motu*, directed and ordered counsel not to read it to the jury, and defendant duly excepted.

Defendant asked the following written charge, which was refused: "The jury may look to the relation between defendant, Duncan, and defendant's son (Earle) the pupil who was chastised, in mitigation or justification, if they find from all the evidence that defendant honestly and candidly believed that his child had been cruelly or immoderately punished by said Duncan." To the refusal to give this charge, defendant excepted.

The defendant was convicted of an assault and battery, and fined $150, and from this judgmen of conviction he prosecutes the present appeal.

JOHN H. PARKER and WATTS, TROY & CAFFEY, for appellant.—It will not be denied that if the offense for which appellant had already been convicted was the same as the one for which he was being tried, or the one necessarily included the other, the defense of former conviction is made out.—Const., I, § 10; *Moore v. State,* 71 Ala. 307, and many other cases cited on p. 111 of Criminal Code.

"A replication must either traverse or confess and avoid the matter pleaded, or present matter of estoppel thereto."—*Winter v. Bank,* 54 Ala. 172.

The plea of former conviction presented a complete defense.

As matter of law, where the two prosecutions were based on the same act, the offenses were identical in the sense of constitutional prohibition against double jeopardy; and the offenses of disturbing a school as-

sembly and assault and battery were the same, or one necessarily included the other.—*Commonwealth v. Miller*, 5 Dana. (Ky.), 320; *Johnston v. State*, 12 Ala. 840; *Moore v. State*, 71 Ala. 310-11; *Hurst v. State*, 68 Ala. 604; *Sanders v. State*, 55 Ala. 42; *O'Brien v. State*, 91 Ala. 25, 29.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—A court has inherent power to adjourn its sittings from time to time within the time allowed by law for holding the term. In general such power is essential to the convenient and proper disposition of business and its exercise works merely a postponement of business and not in any sense an ending of the term. Under the act regulating terms of and procedure in the county court of Elmore county (Local Acts, 1898-99, p. 257) regular terms "may continue till the business is disposed of," and jury trials though unauthorized except at regular terms may be held at any time during such terms. When the defendant was tried there had been no adjournment of the term *sine die,* but the court was being held pursuant to a temporary adjournment from one day to another day of the regular term,—and hence the contention that the court was sitting in special session without power to try with juries is unwarranted.

The replication by not denying impliedly admitted the matters averred as facts in the plea of former conviction and construed, as the rules of pleading require, most strongly against the pleader, its averment that the offense for which the defendant had been previously convicted was not the same for which he was presently prosecuted, must be taken as an averment merely that the two offenses though created by the same act were different in law. Such difference as the law attaches by name and punishment to several consequences of a single criminal act, results of course from the law itself, and if proper to be asserted in opposition to the plea, was matter for demurrer and not for a replication, the office of which, if not traversing the plea, is confined to setting up issuable facts in avoidance or estoppel. The

effect of this replication was to thwart the plea and place the defendant at disadvantage by turning the issue upon the averment of a legal conclusion. In overruling the demurrer to the replication there was error for which the judgment must be reversed.

The record raises no question as to the merits of the plea. As bearing on that subject reference may be made to the following among other authorities: *Johnson v. State*, 12 Ala. 840; *O'Brien v. State*, 91 Ala. 25; *Hurst v. State*, 86 Ala. 604; *Moore v. State*, 71 Ala. 307.

The charge requested was argumentative and bad also in assuming that defendant might be legally justified in committing the assault and battery on no other provocation than the punishment received by his son on the day previous.

The court did not err in refusing to allow defendant's counsel to read law to the jury.

Reversed and remanded.