### HOUSTON v. STATE. (6 Div. 585.)

(Supreme Court of Alabama.   Jan. 4, 1923. Rehearing Denied Jan. 25, 1923.)

1. **Criminal law ⬉459, 493—Identification of shells used in committing homicide held admissible, and weight of evidence was for the jury.**

A witness who testified that he saw shotgun shells purchased by defendant, though he did not see them purchased, was properly permitted to identify the shells with which a homicide was committed; the probative force of the evidence being for the jury.

2. **Witnesses ⬉291—Exclusion of question whether witness was telling the truth not abuse of discretion.**

On recross-examination of a witness it was not an abuse of discretion to refuse to permit defendant's counsel to ask the witness if he was telling the truth, or had told the truth in certain parts of his testimony, especially where he had just stated that he was telling the truth.

3. **Homicide ⬉253(1)—Evidence held to sustain conviction of first-degree murder.**

On a trial for murder, evidence *held* sufficient to make a question for the jury, and to sustain a verdict finding defendant guilty of first-degree murder, as against the claim that it was contrary to the great weight of the evidence.

4. **Criminal law ⬉789(12)—Instruction requiring jury to act as in matter of importance to themselves properly refused.**

An instruction not to convict unless the jury would be willing to act on the evidence in a matter of the most solemn importance to their own interests was properly refused.

5. **Criminal law ⬉761(2)—Instruction assuming incorrectly that state was relying entirely on circumstantial evidence properly refused.**

Where there was proof of an admission by defendant that he killed deceased, an instruction on circumstantial evidence which assumed and told the jury that the state was relying on circumstantial evidence alone was properly refused.

6. **Homicide ⬉309(3)—Instruction on manslaughter in the second degree properly refused when not in issue.**

Where there was no evidence tending to show manslaughter in the second degree, the trial court did not err in not defining that offense.

7. **Criminal law ⬉717—Refusal to permit legal opinions to be read to jury not error.**

It was not error to refuse to permit defendant's counsel to read certain opinions from the reports or excerpts therefrom to the jury, especially where they were read to the court in the hearing of the jury, and commented upon both to the court and jury.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Criminal law ⚖️➡️940—New trial not granted for newly discovered inadmissible evidence.**

The refusal of a new trial is not error where the newly discovered evidence relied upon would not be admissible upon a retrial of the cause.

**9. Criminal law ⚖️➡️419, 420(10)—Witnesses ⚖️➡️379(2)—Admission of third person that he killed deceased admissible to impeach him, but not otherwise.**

Testimony that a witness for the state admitted to others that he, and not defendant, killed deceased is but hearsay evidence, not admissible to show that such witness committed the offense, but is admissible to impeach or contradict him after laying a predicate.

**10. Criminal law ⚖️➡️359—Defendant may prove another's guilt but only by legal evidence.**

A defendant can disprove his guilt by proving the guilt of another, but this must be done by legal evidence.

**11. Criminal law ⚖️➡️938(1)—New trial granted for new evidence showing principal witness admitted killing deceased.**

Where a witness for the state was the most important one who testified against defendant, and it was questionable whether a case was made out without his testimony, and proof that he had admitted that he, and not defendant, killed deceased might change the result, a new trial will be granted for newly discovered evidence of such statements, though the new witnesses have been convicted of offenses involving moral turpitude; this merely going to the weight and credibility of the evidence.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Mack Houston was convicted of murder in the first degree, and he appeals. Reversed and remanded.

The indictment charges the defendant with the killing of Willis (alias Dubie) Bryant. The evidence showed that the body of deceased was found in a swamp, some distance from the road, and that there were indications that the body had been dragged from the road to the place where it was found. It also showed that there were wounds in the neck and right leg, probably produced by charges from a shotgun, and that buckshots were found in nearby trees, and shotgun wadding near the body.

The state's witness Archie Felton testified that he was a son-in-law of, and lived in the house with, the defendant; that, on the Friday night before the killing on Saturday, he had a conversation with the defendant in which the latter told him he was going to lay for deceased and kill him; that the defendant left home at midnight, taking with him his shotgun, two buckshot shells, and some old blue shells. This witness testified further that the defendant went to town on Thursday and bought the two buckshot shells; that "I saw the shells that Mack brought home with him; didn't see him buy them, and wasn't with him when he bought them." He was then asked by the solicitor: "These are the shells that he took with him that night—Friday night at midnight?" and over the defendant's objection answered, "Yes, sir—only two buckshot shells that he had." This witness further testified that about the middle of the evening of the next day (Saturday) witness and one Fisher Burns were together when defendant came up to them with a shotgun; that defendant stated to them that he had been shooting rabbits, but that, after witness and defendant walked away from Burns, defendant told witness that he had killed Dubie Bryant in Sipsey swamp; that he shot him four times, and dragged his body from the road. The testimony of this witness showed further that defendant had told witness that he was going to kill the deceased because of conduct by deceased and defendant's wife; that witness and defendant were arrested for the killing of Bryant, and carried to jail in an automobile; that on the way defendant told witness that he "had better not tell." On cross-examination the witness testified:

"I know what will become of me if I swear a lie on the witness stand—I will go to torment if I swear a lie—but I ain't going to swear a lie. I don't know what else will happen to me; I am just telling the truth."

After which he was asked by defendant's counsel:

"Are you telling the truth about what Mack told you about killing this man?"

Objection by the state was sustained, and defendant excepted.

The evidence of other state witnesses tended to show relations between deceased and defendant's wife; the fact that she had left defendant's home; that defendant had made threats against deceased; and tended also to identify gun wadding found near the scene of the crime with wads taken from shells in defendant's possession.

The evidence for defendant on the material facts of the case was opposed to that offered by the state. Charges A and C, requested by defendant and refused by the court, are as follows:

"A. If you should be willing to act upon the evidence in this case in the same manner as if it were in relation to matters of the most solemn importance to your own interests, then you must find the defendant not guilty."

"C. I charge you, gentlemen of the jury, that in a case like this, where circumstantial evidence alone is relied on by the state for conviction, great caution should be used in considering such evidence, and, if there is a reasonable doubt in your minds as to the existence or nonexistence of one single fact necessary

to show beyond a reasonable doubt that the defendant is guilty, you will acquit him. And, more than this, if the proof relied on by the state for conviction, or any essential part of such proof, can in any reasonable way be explained on the supposition that the defendant is innocent, then you must acquit him, because the defendant is presumed to be innocent until proven guilty beyond all reasonable doubt, and he is entitled to the benefit of every such doubt."

The jury returned a verdict of guilty, and fixed the penalty at life imprisonment. Defendant moved for a new trial, offering the affidavits discussed in the opinion.

Frank L. Butts, of Tuscaloosa, for appellant.

The lower court erred in allowing a witness who had testified that he saw the defendant bring home some shells to then testify, over the objection of the defendant and without further testimony tending to establish their identity, that these were the same shells that he saw the defendant leave the house with three days later. 156 Ala. 62, 47 South. 52. The defendant should have been allowed to ask the question, "Are you telling the truth about what Mack [the defendant] told you about killing this man?" where the question was asked by counsel for the defendant on cross-examination of a state's witness, who himself was then under arrest, charged with the identical crime for which the defendant was being tried, and without whose testimony no conviction could have been had by the state. Const. Ala. 1901, art. 1, § 6; Code 1907, § 4017; 154 Ala. 36, 45 South. 697, 15 L. R. A. (N. S.) 493, 129 Am. St. Rep. 18, 16 Ann. Cas. 362. The defendant's motion to exclude the evidence from the jury should have been sustained, since the evidence was wholly circumstantial, and did not exclude every reasonable hypothesis of the defendant's innocence. 68 Ala. 539; 73 Ala. 526; 94 Ala. 84, 10 South. 528; 121 Ala. 36, 25 South. 690; 12 Cyc. 488, 594; 25 Miss. 584. Defendant had the right to have his counsel read excerpts from opinions of the Supreme Court to the jury. 78 Ala. 436. Charges A and C, requested by defendant, should have been given. Authority supra, and 160 Ala. 31, 49 South. 810; 63 Ala. 234; 116 Ala. 445, 23 South. 40; 108 Ala. 571, 18 South. 813; 115 Ala. 14, 22 South. 611; 12 Cyc. 627. The court erred in its failure to instruct the jury, on the motion of the defendant, as to the law of manslaughter in the second degree, where the only evidence as to how the shooting occurred tended to show that the shots came from a place of concealment used by huntsmen for shooting wild game. 109 Ala. 70, 20 South. 103; 112 Ala. 64, 20 South. 925; 109 Ala. 70, 20 South. 103; 99 Ala. 148, 153, 13 South. 550; 12 Cyc. 611. It was error to overrule appellant's motion for a new trial, where evidence was presented to the court which tended strongly to show that the state's chief witness had confessed or admitted that he and not the defendant committed the crime, and where errors of the court committed on the trial were pointed out by the motion. 44 Ala. 611; 16 Corpus Juris, 1121, 1183; 29 Cyc. 881; 65 South. 125; (Miss.) 32 South. 915.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is not error for a nisi prius court to refuse to permit counsel to read law to the jury. 163 Ala. 183, 31 South. 854; 38 Cyc. 1481. Charge A is not a correct statement of the law. Charge C is rendered bad by the use of the word "supposition." 111 Ala. 15, 20 South. 634; 105 Ala. 43, 16 South. 758; 97 Ala. 18, 14 South. 327; 52 Ala. 24; 50 Ala. 112. There was no evidence justifying a verdict of manslaughter in the second degree, and the court properly refused to instruct the jury thereupon. 18 Ala. App. 578, 93 South. 351. Extrajudicial confessions are not conclusive on the declarant. Underhill on Crim. Ev. (2d Ed.) 276.

ANDERSON, C. J. [1] There was no error in permitting the witness Felton to testify as to the identity of the shells. This evidence was relevant and admissible, and, whether weak or strong, its probative force was for the jury.

[2] The trial court will not be put in error for an abuse of its discretion, upon the recross-examination of the witness Felton, in declining to permit defendant's counsel to ask said witness if he was telling the truth or had told the truth as to certain parts of his testimony, especially when the witness had just previously stated that he was telling the truth, and was not lying. The other objections to the rulings upon the evidence are so palpably without merit that a discussion of same can serve no good purpose.

[3] There was sufficient evidence of the defendant's guilt to make the same a question for the jury; hence there was no error in overruling defendant's motion to exclude same or in refusing the requested general charge. The state's evidence established the corpus delicti, threats of defendant to kill the deceased, a motive and preparation, as well as an unobjected to admission or confession by the defendant that he killed the deceased. Nor was there error in overruling that ground of the motion for a new trial testing the weight and sufficiency of the evidence to support the verdict. The trial court and jury saw and heard the evidence, and we cannot say that the verdict was so contrary to the great weight of the evidence as to put the trial court in error for declining to disturb same.

[4] Charge A, refused the defendant, was bad. This court has repeatedly condemned charges admonishing juries that they must

act in the same manner as in relation to matters of the most solemn importance to themselves. 7 Mayfield's Digest, pp. 138, 139.

[5] There was no error in refusing the defendant's requested charge C. If not otherwise faulty, it assumes and instructs that the state was relying on circumstantial evidence alone for a conviction when there was proof in the case of an admission by defendant that he killed the deceased. Dennis v. State, 118 Ala. 72, 23 South. 1002; Hannigan v. State, 131 Ala. 29, 31 South. 89.

[6] There was no evidence tending to show manslaughter in the second degree, and the trial court did not err in not defining same to the jury. Whitehead v. State, 206 Ala. 288, 90 South. 351.

[7] There was no error in not permitting defendant's counsel to read certain opinions in the Alabama Reports or excerpts therefrom, to the jury, and the record shows that they were read to the court in the hearing of the jury, and that counsel commented upon same both to the court and jury. Walkley v. State, 133 Ala. 183, 31 South. 854; 38 Cyc. 1481.

[8-11] The trial court will not, of course, be put in error for refusing a new trial because of newly discovered evidence when such evidence would not be admissible upon a retrial of the cause. This purported newly discovered evidence, being affidavits of two witnesses that the state's witness Felton admitted to affiants that he, and not the defendant, killed deceased, is but hearsay evidence—an extra-judicial confession—and would not be admissible to show that another committed the offense. A defendant can disprove his guilt by proving the guilt of some other person. Brown v. State, 120 Ala. 342, 25 South. 182; McDonald v. State, 165 Ala. 85, 51 South. 629. But this must be done by legal evidence, and not by the testimony of witnesses who heard another admit that he committed the offense; this is the merest hearsay—is but an extra-judicial confession or admission not admissible in evidence. Welsh v. State, 96 Ala. 92, 11 South. 450; Underhill on Criminal Evidence (2d Ed.) p. 276, § 145. While this newly discovered evidence was not admissible to show that another committed the offense, it will be admissible to impeach or contradict Felton, who testified as a witness against the defendant, after laying a predicate, and which was not done on the former trial because the proof shows that this newly discovered evidence was unknown to the defendant or his counsel at the time. This witness Felton was the most important one who testified against the defendant, and it is in fact questionable as to whether or not the state made out a case without his testimony, and we are not able to say that proof of these statements would not probably change the result. True, the state introduced affidavits that the affiants as

to the newly discovered evidence had both been convicted of offenses involving moral turpitude, but this fact goes merely to the weight and credibility of the evidence, and not its admissibility. The trial court erred in refusing the defendant a new trial, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.