(101 So. 75)

### COOK v. STATE. (3 Div. 470.)

(Court of Appeals of Alabama. June 30, 1924.)

Criminal law ⊙═752—Matters admitted by defendant's demurrer to the evidence stated.

On demurrer to the evidence, defendant admits the tendencies of the evidence and every inference that may be legally drawn from the facts as proven.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Will Cook was convicted of manufacturing prohibited liquors and possessing a still, and appeals. Affirmed.

R. L. Goldsmith, of Hayneville, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. There was a demurrer to the evidence. Where this is the case, the defendant admits the tendencies of the evidence and every inference that may be legally drawn from the facts as proven. The evidence was ample to sustain the ruling of the court in its rulings on the demurrer and in overruling the motion for a new trial. We find no error in the record, and the judgment is affirmed.

Affirmed.

(101 So. '84)

### CAMPBELL v. STATE. (6 Div. 304.)

(Court of Appeals of Alabama. June 3, 1924. Rehearing Denied June 30, 1924.)

1. Criminal law ⊙═419, 420(11)—Testimony as to conversation with one not examined as witness properly excluded as hearsay.

Testimony as to conversation with one not examined as witness held properly excluded as hearsay.

2. Criminal law ⊙═1036(8)—Evidence not reviewable in absence of request for affirmative charge or other test of sufficiency in court below.

Where affirmative charge was not requested, nor sufficiency of evidence otherwise tested in court below, evidence is not reviewable on appeal.

Appeal from Circuit Court, Winston County; Ernest Lacy, Judge.

Ben Campbell was convicted of possessing a still, and appeals. Affirmed.

Gray & Powell, of Jasper, for appellant.

There was not sufficient evidence to submit the case to the jury. Defendant should have had the affirmative charge. Seigler v. State, 19 Ala. App. 135, 95 South. 563.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

No charges were requested by defendant, and the sufficiency of the evidence is not presented for review.

FOSTER, J. The appellant was convicted for having in his possession a still to be used for the purpose of manufacturing prohibited liquors.

[1] The court properly sustained the state's objection to the question propounded to defendant's witness Shade Campbell, calling for a conversation between the witness and one Burton Stewart who was not examined as a witness. The evidence elicited was clearly hearsay and not admissible. Welsh v. State, 96 Ala. 92, 11 South. 450; Mitchell v. State, 114 Ala. 3, 22 South. 71; Stone v. State, 105 Ala. 60, 17 South. 114.

[2] Where the affirmative charge was not requested, nor the sufficiency of the evidence tested in any other manner in the court below, the evidence is not reviewable on appeal. Parcus v. State, 19 Ala. App. 592, 99 South. 662, and authorities there cited.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 19 Ala. App. 239.     [2] 19 Ala. App. 181.