The appellant was indicted and convicted for robbery and sentenced to ten years' *Page 751 
imprisonment. As ground for reversing the judgment of conviction the appellant relies solely on the failure of the trial court to grant his motion for new trial alleging that newly discovered evidence warranted the setting aside of the verdict of guilty and the granting of a new trial.
On the night of December 11, 1976, two males entered and robbed Johnson's Fast Foods in Mobile, Alabama. Both the cashier and owner of the store positively identified the appellant as being one of the robbers. The cashier described the appellant to the police as being approximately twenty-five years of age and five feet eight inches tall. On January 3, 1977, the cashier sighted the appellant as he was walking down the street and notified a police officer who apprehended him. The appellant was seventeen years of age and six feet three inches tall. All the incriminating evidence presented against the appellant was in the form of the eyewitness identification by the cashier and the store owner.
Relying on an alibi defense, the appellant and six other witnesses testified that the appellant was at a different location at the time of the crime.
In support of the motion for new trial the appellant presented the testimony of two newly discovered witnesses. Lillie Mae Steele testified, in substance, that on the night of the robbery Myron Young and Earlee Franklin came to her home and attempted to purchase some gin. Young had a pistol in his possession and resembled the appellant in physical appearance except that Young was shorter. Franklin had a "wad of money" in his hand. They told Ms. Steele that they had made a "hit" on a store but she thought that they were joking.
Geraldine Steele's testimony was similar to her mother's and she also testified to facts which implied that Young and Franklin went into hiding in a relative's house after the robbery.
Ms. Lillie Mae Steele testified that she was initially reluctant to disclose her information because she lived alone and Young and Franklin lived nearby. However prior to the trial she did inform an officer of the Mobile Police Department but that officer was not directly involved in the robbery investigation. Neither defense counsel nor the appellant was informed of this information prior to trial.
A new trial may be awarded on the ground of newly discovered evidence tending to prove that another person committed the crime of which the accused was convicted.
 "Evidence, not known to accused at his trial, which will tend to prove that the crime of which he has been convicted was committed by another person, may be ground for a new trial. A new trial on this ground rests in the sound discretion of the trial court, and depends largely on the credibility of the new evidence."
 Dawson v. State, 44 Ala. App. 525, 529, 215 So.2d 459, cert. denied, 283 Ala. 714, 215 So.2d 463 (1968) quoting 24 C.J.S. 182, Criminal Law § 1454.
See also Sanders v. State, 202 Ala. 37, 79 So. 375 (1918);Houston v. State, 208 Ala. 660, 95 So. 145 (1923).
However the new evidence must be admissible under the established rules of evidence.
 "The trial court will not, of course, be put in error for refusing a new trial because of newly discovered evidence when such evidence would not be admissible upon a retrial of the cause . . . A defendant can disprove his guilt by proving the guilt of some other person. Brown v. State, 120 Ala. 342, 25 So. 182; McDonald v. State, 165 Ala. 85, 51 So. 629. But this must be done by legal evidence, and not by the testimony of witnesses who heard another admit that he committed the offense; this is the merest hearsay — is but an extra-judicial confession or admission not admissible in evidence. Welsh v. State, 96 Ala. 92, 11 So. 450; Underhill on Criminal Evidence (2d Ed.) p. 276, § 145."
See also Lowery v. State, 98 Ala. 45, 13 So. 498 (1893);Houston v. State, 208 Ala. 660, 95 So. 145 (1923) for the proposition that *Page 752 
the refusal of a new trial is not error where the newly discovered evidence relied upon would not be admissible upon a retrial of the cause.
From the foregoing it is clear that the testimony of the Steeles that Young and Franklin "hit" a store would have been inadmissible. See 6 Alabama Digest, Criminal Law, Number 359. Of course, the Steeles could testify to what they saw but not what Young and Franklin told them.
Appellate courts look with disfavor on motions for new trials for newly discovered evidence and in such cases the judgment of the trial court will not be disturbed unless it clearly appears that his discretion has been abused. Hodge v. State,32 Ala. App. 283, 26 So.2d 274, cert. denied, 248 Ala. 73,26 So.2d 278 (1946); Zuck v. State, 57 Ala. App. 15, 325 So.2d 531, cert. denied, 295 Ala. 430, 325 So.2d 539 (1975). To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence so found, if it had been considered by the jury, would have probably changed the result of the trial. Vinet v. State, 38 Ala. App. 299,83 So.2d 357, cert. denied, 263 Ala. 701, 83 So.2d 359 (1955).
There was no testimony as to which store Young and Franklin "hit" and there is no evidence to show that it was the store which the appellant was convicted of robbing. Under these circumstances, it is our opinion that the admissible portions of the newly discovered evidence would not have changed the verdict of the jury. Hayes v. State, Ala.Cr.App.,335 So.2d 203, cert. denied, Ala., 335 So.2d 208 (1976).
Finding no error in the record prejudicial to the substantial rights of the accused we affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.