The defendant's murder conviction and sentence of death are being reversed on the ground that the trial court should have allowed the defendant Louis Griffin to introduce evidence, through court records, that one Embry (1) confessed to, and (2) was convicted of, the crime. The trial court disallowed the evidence, on the ground that the evidence of the confession and conviction was hearsay and immaterial. The Court of Criminal Appeals thoroughly addressed this issue and resolved it adversely to Griffin.
The cases cited by the majority are distinguishable. For example, the main opinion references Thomas v. State,539 So.2d 375, 394-96 (Ala.Crim.App. 1998). However, the Court of Criminal Appeals stated in Thomas:
 "As a general rule, an accused may introduce any legal evidence that tends to show that someone else committed the crime for which he is charged. Green v. State, 258 Ala. 471, 64 So.2d 84 (1953). See generally C. Gamble, McElroy's Alabama Evidence, § 48.01(1) (3rd ed. 1977); Schroeder, Hoffman and Thigpen, Alabama Evidence, § 4-4(a)(c) (1987).
 "However, hearsay evidence is not legal evidence and is not admissible to show that someone other than the accused committed the offense at issue. Houston v. State, 208 Ala. 660, 95 So. 145 (1923). See also McDonald v. State, 241 Ala. 172, 1 So.2d 658 (1941); Morris v. State, 25 Ala. App. 175, 142 So. 685 (1932).
 "`A defendant can disprove his guilt by proving the guilt of some other person. Brown v. State, 120 Ala. 342, 25 So. 182; McDonald v. State, 165 Ala. 85, 51 So. 629. But this must be done by legal evidence, and not by the testimony of witnesses who heard another admit that he committed the offense; this is the merest hearsay — is but an extra-judicial confession or admission not admissible in evidence. Welsh v. State, 96 Ala. 92. 11 So. 450; Underhill on Criminal Evidence (2d Ed.) p. 276, § 145.'
"Houston, 208 Ala. at 663, 95 So. [at 147].
". . . .
 "In Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), the United States Supreme Court reversed a conviction in which the defendant, Chambers, had tried to introduce evidence at trial that another committed the murder for which he was charged. In Chambers, the Court suggested that `it may violate due process to deny a defendant the right to introduce evidence that another committed the crime with which that defendant was charged.' Schroeder, Hoffman and Thigpen, § 4.4 (fn. 147).
 "However, the facts of Chambers are readily distinguishable from the case at *Page 357 
bar. In Chambers, the defendant was arrested for the murder of a police officer. Following Chambers' arrest, another person, Gable McDonald, made a written confession to that murder. This confession was later repudiated by McDonald. McDonald also confessed to three friends on separate occasions that he had killed the police officer.
 "At trial, defense counsel called McDonald as a witness. However, the trial court did not allow defense counsel to question McDonald as an adverse witness because, under the Mississippi common law `voucher rule,' a party may not impeach his own witness. Therefore, defense counsel could not cross-examine McDonald as to the circumstances of his confessions and his repudiation of his written confession.
 "Further, the trial court excluded the testimony of McDonald's three friends concerning McDonald's confession to them on hearsay grounds.
 "The U.S. Supreme Court reversed Chambers' conviction and found that Chambers had been denied due process because he was not allowed to question McDonald as an adverse witness and because he was not allowed to introduce the [testimony] of McDonald's friends concerning his confessions to them.
 "In determining that the hearsay statements of McDonald's three friends should have been allowed in evidence, the Supreme Court decided that the hearsay statements `were originally made and subsequently offered at trial under circumstances that provided considerable assurance of their reliability.' Chambers, [410 U.S. at 300].
 "The reasons for this determination were that `each of McDonald's confessions was made spontaneously to a close acquaintance shortly after the murder had occurred,' `each one was corroborated by some other evidence in the case,' `the sheer number of independent confessions provided corroboration for each' and `each confession was in a very real sense self-incriminatory and unquestionably against interest.' Chambers, [410 U.S. at 300].
 "The court also emphasized the significance of the fact that McDonald was available at trial and also for cross-examination by the State."
539 So.2d at 395-96 (emphasis in original).
The evidence regarding Embry's confession and conviction isnot legal evidence. As the Court of Criminal Appeals stated:
 "`"[T]he outcome of another's prosecution is simply irrelevant to the guilt or innocence of the defendant and may not be received as substantive evidence at defendant's trial. See, e.g., Hill v. State, 210 Ala. 221, 97 So. 639 (1923)."'
 "Whitt v. State, 733 So.2d 463, 483 (Ala.Cr.App. 1998) (quoting Stokes v. State, 462 So.2d 964, 967
(Ala.Cr.App. 1984)."
Griffin v. State, [Ms. CR-97-1026, December 10, 1999]790 So.2d 267, 282 (Ala.Crim.App. 1999).
I do not disagree with the constitutional concept that the hearsay rule may not be mechanistically applied where to so apply it would adversely affect the defendant's exercise of constitutional rights implicated in the determination of guilt. The genesis of my disagreement in this case arises, not from the evidence Griffin attempted to admit, but from how he proposed to get it admitted.
The State points out that Griffin made no attempt to call Embry to testify. Thus, it asserts, Griffin cannot rely on the hearsay "exceptions" set forth in Ala. R. Evid. 804, which turn on the declarant's unavailability. In that respect, this case is materially *Page 358 
different from Chambers, in which the declarant was
available to testify. Thus, I conclude that the trial court did not err in disallowing court records showing Embry's confession and conviction. For these reasons, I dissent.