# Snow *et al. v.* The State.

*Indictment for Burglary.*

1. *Presence of prisoner during trial; sufficient showing in judgment entry.*—When the record discloses that the trial, verdict, imposing sentence, and rendition of judgment, was a continuous transaction, at all parts of which the defendants were personally present, and it is expressly stated that on the return of verdict of guilty, the defendants were in court and were each asked *if he had anything to say why the sentence of the law should not be pronounced, &c.,* it sufficiently appears that the prisoners were personally present during all the stages of the trial, and also when sentence was passed and when judgment was rendered.

2. *Duty of the judge in admitting or excluding evidence.*—It is the duty of the presiding judge, if satisfied that he has illegally admitted or excluded evidence, to correct the error during the trial by withdrawing from the jury evidence improperly admitted, or by admitting evidence improperly excluded, and such action of the court is not error if its final ruling is correct.

3. *Evidence that another alone committed the offense.*—The defendants may show that another committed the offense instead of themselves, but such defense cannot be made out by mere unsworn declarations of such other, who was not a witness, to the effect that he committed the offense, and that the prisoners are innocent. Such evidence is mere hearsay of the most dangerous character.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN K. HENRY.

The indictment in this case was against Daniel Smith,

Frank Snow, and Elbert Smith, but the last two only were on trial. After the State had concluded its evidence the defendants examined one Henry Smith, and asked him if he knew the defendant Daniel Smith, who was not on trial, to which witness answered that he knew him. Defendants then asked witness if he ever heard said Daniel Smith say who broke open the lint room of Mr. Hall's gin house? (the house charged in the indictment). Witness replied that "he did." The solicitor objected to this testimony, but was overruled. Witness then being told to state what said Daniel Smith said about it, went on and said that he heard said Smith say that he broke open said lint room, and that Frank Snow and Elbert Smith are innocent; that after he broke open the lint room and took out the cotton he hired Frank Snow and Elbert Smith to haul the cotton away for him. Another witness, one Ed. Skinner, was introduced by defendants, who gave the same testimony. The solicitor again objected to such testimony, but was overruled. Afterwards, and before the testimony had closed, the court, on motion of the solicitor, excluded from the jury all of the testimony of said witnesses, so far as it gave the declarations of Daniel Smith, to which ruling the defendants excepted.

The defendants now appeal to this court on the following assignments of error:

1. The record does not show that the defendants were in court when sentence was passed upon them.

2. The court erred in ruling out the testimony of said Henry Smith and Ed. Skinner.

3. The court erred in excluding the declarations of Daniel Smith.

4. The court erred as shown by the record.

5. The court erred as shown by the bill of exceptions.

S. J. CUMMING, for appellants.—1. The record does not show that the defendants were in court when sentence was pronounced. "In capital cases and other felonies there are some matters that must affirmatively appear in the record, or the conviction will be erroneous and the judgment of the court must be reversed." It is equally true that the same rule must be applied in the passing of sentence by the court. I refer to the following cases as showing the great strictness required in such cases:—*Perry v. The State*, 45 Ala. 24; *Slocovitch v. The State*, 46 Ala. 227; *Johnson v. The State*, 47 Ala. 9; *Mullen v. The State*, 45 Ala. 44.

2. The evidence of Harry Smith and Ed. Skinner should not have been excluded from the jury. The case of *Walter Snow v. The State*, December term, 1875, is different from

[Snow et al. v. The State.]

the one at bar.   There the declarations ruled out were made
by one who was not a party to the indictment, and were
made in the absence of the accused.   Here the declarations
were made by a co-defendant, and it does not appear that
they were made in the absence of the defendants on trial.   It
is laid down in Rosc. Cr. Ev. p. 22, "Where, however, the
particular circumstances of the case are such as to afford a
presumption that the hearsay evidence is true, it is then
admissible, as in *Crutchley's case*, 5 Carr. & P. (24 Eng. C.
L. Rep. 244.)"

JOHN W. A. SANFORD, Attorney-General, *contra*.

BRICKELL, C. J.—1.   The record discloses that the ·
trial, verdict, imposing sentence, and rendition of judgment,
was a continuous transaction at all parts of which the de-
fendants were personally present.   It is expressly stated that
on the return of verdict of guilty, the defendants were in
court, and were each asked, *if he had any thing to say, why
the sentence of the law should not be passed upon him, and he had
nothing to say*—the sentence and judgment immediately fol-
lowing.   We cannot agree with counsel that it does not
necessarily follow in the face of this recital that the defend-
ants were in court, not only when the verdict was returned,
and when they were asked if they had anything to say why
sentence should not be passed, but also, when sentence was ·
passed and judgment was rendered.   It was not necessary to
affirm their continuous presence, at each step in the cause,
especially when the only authority to depart from the court,
succeeds the sentence and judgment, in an order to the
sheriff to take them to jail, and thence to the penitentiary,
in execution of the sentence and judgment.

2.   There is no reason to doubt, that if the judge of the
Circuit Court, inadvertently, or from error of judgment, after
argument, admitted illegal evidence, or rejected legal evi-
dence, and during the trial, became satisfied of his error,
that it was not only his right, but his duty, to correct the
inadvertence or error, by withdrawing from the jury the
illegal evidence, or admitting for their consideration the legal
evidence.   Whether the inadvertence or error was favorable
or adverse to the accused in a criminal prosecution, is not a
test of the right and duty of the judge.   The law favors the
accused in all criminal prosecutions, and extends to him
many rights and advantages the courts are careful to main-
tain, though they may seem in the particular case, to embar-
rass the administration of justice.   Of these, however, is not
the right to compel the court, during the trial, to persist in

the error of admitting for him illegal evidence, or of rejecting legal evidence against him. The error of the court in admitting, or rejecting, does not change the character of the evidence.

3. It was certainly proper for the defendants to show, that if the offense had been committed, Daniel Smith, jointly indicted with them, but not on trial, was the guilty agent in its commission, and that they were free from all guilty connection with it. This must, as must any other material fact, have been shown by legal evidence. Smith's declarations of his guilt, and of the innocence of the defendants, certainly seem evidence of great weight in favor of the defendants. But suppose it is admitted, and in the judgment of the jury, outweighs the evidence against the defendants, and they are acquitted? Smith is arraigned for the offense, and proves the declarations of the prisoners, that they committed the offense, and he is free from all complicity with it. Each, by the mere verbal declarations of the other, in the absence of all opportunity for cross-examination, has afforded evidence which results in their mutual exculpation. Or, the defendants having been acquitted, protected by the justice and the humanity of the law from further prosecution, could become witnesses for Smith, proving their guilt and his innocence. Or, suppose Smith is arraigned, and shows, as it would be his right to show, that the witnesses misunderstood his declarations, or that they were carelessly, and loosely made, and are, in fact, untrue, unless connected with other evidence of guilt, his acquittal must follow. Such declarations are hearsay evidence, the weakest, most uncertain, and most dangerous, and were by the court properly rejected.—*Smith v. State*, 9 Ala. 990.

We find no error in the record, and the judgment must be affirmed.