# West *v.* The State.

### *Indictment for Murder.*

1. *Dying declarations.*—Under the evidence stated in the bill of exceptions in this case, the declarations of the deceased, which were admitted as dying declarations, were made under a sense of impending death, and were properly received as evidence.

2. *Admission or confession by third person.*—The admission or confession of a third person, that he committed the offense with which the accused is charged, not made under oath, though on his death-bed, is mere hearsay, and is not admissible as evidence for the accused.

3. *Charge as to circumstantial evidence.*—A charge instructing the jury, in a criminal case, " that circumstantial evidence is as good as any other kind of evidence ; that, like positive evidence, it must produce in their minds conviction of guilt beyond a reasonable doubt, and that some text-writers hold it to be better than any other kind of evidence,"—is free from error.

4. *Proof of venue.*—In a criminal case, a judgment of conviction will not be reversed, because the bill of exceptions does not show that the venue was proved, when it does not appear that any question as to the venue, or as to the sufficiency of the proof, was raised or presented in the court below.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case, John West, was indicted for the murder of Claiborne Wilson, by shooting him with a gun ; and being tried, on issue joined on the plea of not guilty, he reserved a bill of exceptions, as follows :

" The State introduced Morgan Gilmer as a witness, who testified as follows : In October last, witness went to the house of Claiborne Wilson, the deceased, and found him suffering from a gun-shot wound, from the effects of which he subsequently died. Deceased said, repeatedly, that he was going to die. This was before a physician had been sent for. Witness said to him : '*Claib, you are going to die;*' and witness then sent for a physician, who examined the wound, and told Wilson he could not recover ; to which Wilson replied, '*I know I am going to die.*' Witness told said Wilson, repeatedly, that he was going to die. Thereupon, the State offered to prove the dying declaration of said Wilson, to the effect that John West, the defendant, had shot him. The defendant objected to the admission of said declaration as evidence, but the court overruled his objection ; to which ruling the defendant duly excepted.

" The defendant offered to prove by a witness, that he heard
VOL. LXXVI.

[West v. The State.]

one Dellick Jones say, on his death-bed, that he had killed said Claiborne Wilson, the deceased; to the admission of which evidence the State objected, and the court sustained the objection; to which ruling of the court, excluding said evidence, the defendant excepted.

"The court charged the jury, among other things, that circumstantial evidence was as good as any other kind of evidence; that, like positive evidence, it must produce in their minds conviction of guilt beyond a reasonable doubt; and that some text-writers hold that circumstantial evidence is better than any other kind of evidence. To this portion of the court's charge the defendant duly excepted."

This is the entire bill of exceptions.

No counsel appeared in this court for the appellant, so far as the record and the dockets show.

T. N. McClellan, Attorney-General, for the State, cited *Kilgore v. The State*, 74 Ala. 1; *Reynolds v. The State*, 68 Ala. 502; *Snow v. The State*, 58 Ala. 372; *State v. Fitzhugh*, 2 Or. 233; *Hudson v. The State*, 3 Cold. Tenn. 355; 1 Greenl. Ev. § 156; *Banks & Wood v. The State*, 72 Ala. 522; *Hubbard v. The State*, 72 Ala. 164.

STONE, C. J.—There is clearly no error in this record. It is fully proved that the declarations of the deceased, offered and given in evidence, were made under a sense of impending death. The case is brought directly within the rule.—*Kilgore v. The State*, 74 Ala. 1.

Nor was the unsworn confession by another, that he had committed the crime, competent evidence for the accused. It was but hearsay.—*Snow v. The State*, 58 Ala. 372.

The charge given and excepted to, was free from error. *Banks v. State*, 72 Ala. 522.

No question of venue was raised in the court below, nor is such question presented by any ruling of the court.—*Hubbard v. The State*, 72 Ala. 164.

There is no error in the record, and the judgment of the City Court must be affirmed.

The day appointed for the prisoner's execution having passed, it is ordered, that the sentence pronounced by the City Court be executed, in the jail-yard of Montgomery county, Alabama, between the hours of 10 o'clock A. M. and 2 o'clock P. M., on the thirteenth day of March next; and the sheriff of Montgomery county aforesaid is charged with the execution of this sentence, in the manner prescribed by law.