# Owensby *v.* The State

*Indictment for Assault with Intent to Murder.*

1. *Evidence showing guilt of third person.*—When the evidence against the defendant is entirely circumstantial, he may adduce any legal evidence tending to show that another person committed the offense; but the admissions or confessions of a third person, not under oath, are not admissible for this purpose; and his acts or conduct—such as excitement when accused, and subsequent flight—are equally inadmissible, being regarded as mere hearsay.

FROM the Circuit Court of Randolph.

Tried before the Hon. JAMES W. LAPSLEY.

The indictment in this case charged that the defendant, Irvin Owensby, "unlawfully and with malice aforethought did assault Aleck Still, with intent to murder him." On the trial, as appears from the bill of exceptions, issue having been joined on the plea of not guilty, Aleck Still testified, as a witness for the prosecution, that while standing in the door of his house about dark, one evening in July, 1886, he was shot by some unknwn person, and badly wounded; that he stepped back into the house, and laid down on a bed; that a man by the name of Moreman, who lived about one mile distant, came in about fifteen or twenty minutes afterwards, and Mr. William Still a few minutes after him; that Moreman "appeared excited when he first came in," and witness accused him of being the man who shot him; stating, in reply to a question as to his reason for such accusation: "My mind was on two persons, who were mad with

me—said Moreman and Irvin Owensby; and Moreman coming in so soon, I then thought it was him, and told him so, and he left." The prosecution objected to the statement of the witness as to the excited appearance of Moreman, but the bill of exceptions does not show the rulings of the court on the objection. William Still was then examined as a witness for the prosecution, and testified that, on hearing the report of the gun, at his house about a half-mile distant, and the cries of the family, he at once went over to Aleck Still's house, and found Moreman there on his arrival. On cross-examination of the witness, the defendant's counsel asked him, "if said Moreman appeared excited when he (witness) walked in;" to which question objection was made and sustained, and the defendant excepted. The defendant proposed to prove by the witness, also, that said Moreman left the country that night, and nothing had been heard from him since; and he excepted to the exclusion of this evidence. The bill of exceptions further states :· "There was no witness to the shooting, the evidence being entirely circumstantial, but very strong, many facts being proved which strongly tended to show the guilt of the defendant."

SMITH & SMITH, for the appellant, cited *State v. Houston*, 78 Ala. 576.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—It is competent for the defendant to show by any legal evidence, that another committed the offense with which he is charged, and that he is free from participation in its commission; but it is well settled, that this can not be shown by the admissions or confessions of a third person, not under oath, such being mere hearsay. *Wes v. State*, 76 Ala. 98; *Snow v. State*, 58 Ala. 372. It is also said, that hearsay is not confined, in the legal sense, to what is *said;* that acts or conduct, as well as words, may be hearsay.—1 Whar. on Ev. § 173. Flight on being accused of crime, excitement, and the exhibition of similar emotions, may be regarded in the nature of admissions, because arising from a consciousness of guilt; but, as they may naturally be produced, in some persons, by causes other than a sense of guilt, they are considered of the least probative force of all competent testimony; certainly not equal to a voluntary and deliberate declaration or confession. They are circumstances too uncertain and illusory to be reliable or admissible to prove the innocence of the accused, by showing the guilt of a third person. They are within the

reason and policy of the rule, which excludes the admissions or confessions of such other person.—*Smith v. State*, 9 Ala. 990.

The Circuit Court did not err in excluding the evidence of the excited appearance and flight of Moreman.

Affirmed.