168 So. 547

## GOLDSMITH v. STATE.

### 3 Div. 180.

Supreme Court of Alabama.

May 28, 1936.

Powell & Hamilton, of Greenville, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

ANDERSON, Chief Justice.

Under a long line of decisions by this court, while an accused may be permitted to show that another committed the offense, that cannot be done by proving a confession or statement by another that he committed the offense with which the accused is charged. Such evidence is but hearsay. West v. State, 76 Ala. 98; Snow v. State, 58 Ala. 372; Welsh v. State, 96 Ala. 92, 11 So. 450; McDonald v. State, 165 Ala. 85, 51 So. 629; Donnelly v. United States, 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820, Ann.Cas.1913E, 710.

The case of Spicer v. State, 188 Ala. 9, 65 So. 972, 979, is not opposed to the foregoing rule. It was dealing with threats made by a party when there was a dispute in the evidence whether he or the defendant killed the deceased and which were admissible as a corroborative circumstance as threats are not necessarily forbidden by the hearsay rule. Moreover, the opinion in the Spicer Case states, " 'Courts generally do not allow the accused to introduce evidence that third persons had threatened to do the act in question,' " and cites an array of authorities so holding. The trial court did not therefore err in not permitting the defendant to show by the witness, Meadows, that Fred Jenkins stated to him that he fired a shot or shots at the time of the homicide.

Nor did the trial court err in not permitting the defendant to introduce in evidence the indictment against Fred Jenkins. It was in no sense evidence of his guilt. Satterfield v. State, 24 Ala.App. 257, 134 So. 30; Smith v. State, 25 Ala.App. 79, 141 So. 265; United States v. Brunett (D.C.) 53 F.(2d) 219, 234. Nor was it of itself an impeachment or contradiction of the State's witnesses.

We think, however, after a consideration of the entire record, that the evidence at best for the state, conceding that the defendant fired the fatal shot, shows no more than manslaughter in the first degree. This record discloses the most reprehensible conduct on the part of the deceased and his companions, the state's two witnesses, who invaded the sanctity of the home of a helpless old negro woman, terrorizing the inmates, and for the evident purpose of prostituting her granddaughter or for some other improper purpose. The defendant was not only a close neighbor, but the uncle of the granddaughter, and, after hearing the disturbance, was actuated by the most humane instincts to go to the rescue, and though he may not have acted strictly in self-defense from a technical standpoint, conceding that he fired the fatal shot, we do not think that his conduct rose to the degree of murder or merited the punishment inflicted by the jury. Had all these parties been of the same race, or if conditions had been reversed, we feel sure that there would have been a different verdict and that the present one was actuated by passion or race prejudice; not perhaps from corrupt motives, but from an inborn and uncontrollable antagonism between the two races, when a negro kills a white man or when a white man kills a negro; an antagonism which seldom exists in the administration of justice by the strong to the weak for the commission of most other offenses.

We therefore hold that the trial court erred in not granting the motion for a new trial upon the idea that the defendant was, at most, guilty of nothing but manslaughter in the first degree, and that his punishment was therefore excessive and unjust.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.