33 So.2d 379

**UNDERWOOD v. STATE.**

**2 Div. 763.**

Court of Appeals of Alabama.

Jan. 13, 1948.

Judson C. Locke, of Marion, for appellant.

A. A. CARMICHAEL, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

The State closed its case and rested, whereupon, the defendant moved the court to exclude all the evidence offerd by the State and discharge the defendant upon the grounds, (1) that the evidence was insufficient to convict the defendant; (2) that the State has failed to carry the burden imposed upon it by law; (3) there is a fatal variance in the averments of the indictment and the evidence; (4) there is no legal evidence to corroborate the testimony of Clarence Carlisle and Rufus Carlisle who are admitted accomplices, etc. The court denied said motion and defendant duly and legally excepted. The affirmative charge in writing in favor of defendant was also requested, and refused by the court.

To sustain the trial court in its action denying the motion to exclude, the Attorney General's brief makes the following insistence, viz.:

"We submit the court made no reversible error in overruling the defendant's motion to exclude all evidence offered by the State. The practice of entertaining the defendant's motion, at the conclusion of the plaintiff's evidence, to exclude all evidence is improper. Dorough v. Alabama Great Southern R. Co., 221 Ala. 305, 128 So. 602. Grant or refusal of motion to exclude all of plaintiff's evidence is error only if the evidence does not make out a prima facie case. Mount Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710."

The foregoing insistence is not applicable to the case at bar, which of course is not a civil proceeding. It is well settled in this State that a motion to exclude the evidence in a civil case is improper, but instead, should be taken advantage of by requesting the general charge in wrting; but in criminal cases it is proper to make a motion to exclude the evidence where the proof shows that the State has failed to make out a prima facie case, and the practice of entertaining a motion to exclude all the evidence offered by the State and discharge the defendant as a test of its insufficiency to sustain the indictment has been expressly approved by the appellate courts. Langham v. State, 243 Ala. 564, 571, 11 So.2d 131; Randolph v. State, 100 Ala. 139, 14 So. 792; Robinson v. State, 222 Ala. 541, 542, 133 So. 578. In Taylor v. State, 15 Ala.App. 72, 72 So. 557, the court said: "A motion to exclude the state's evidence and discharge accused is a proper method of testing the sufficiency of the evidence." In Britton v. State, 15 Ala.App. 584, 74 So. 721: "A motion made by accused after the prosecution had offered the evidence in chief and rested to exclude the evidence on the ground that the venue had not been proven was appropriate and timely." In Satterfield v. State, 24 Ala.App. 257, 134 So. 30: "Motion to exclude all evidence offered by state and discharge defendant is proper method of testing its sufficiency to sustain indict-

**316**

ment. * * * [And where] evidence was insufficient to support conviction of forgery, and court should have sustained motion to exclude evidence made at conclusion of state's case." See Arnold v. State, 30 Ala.App. 115, 2 So.2d 316, and cases therein cited.

The defendant (appellant here) was convicted of the offense of grand larceny upon count 2 of the indictment which reads as follows:

"The Grand Jury of said County further charge that, before the finding of this indictment, Jerry Underwood, Clarence Carlisle and Rufus Carlisle feloniously took and carried away eight shot guns of the aggregate value of one hundred and twenty dollars, one rifle of the value of twelve dollars, and one pistol of the value of fifteen dollars, the personal property of Pres Davis, against the peace and dignity of the State of Alabama."

It will be noted that the defendant in the above count was emphatically charged with the larceny of "eight shot guns, one rifle, and one pistol," the number of shot guns was not laid under the videlicet, therefore, as in all criminal prosecutions, this defendant was called upon to answer the specific charge contained in the indictment.

Upon the trial there was no evidence offered tending to show that the accused was guilty of the larceny of any shot guns, nor a rifle, or pistol, resulting therefore as contended by appellant, there was a manifest and fatal variance in the averments of the indictment and the evidence.

There was offered in evidence several scraps or broken pieces of what might have been parts of some kind of a gun many years ago. These exhibits have been certified to this court for inspection; this we have done with the result above stated. By no stretch of imagination could this junk ever be termed shot guns, rifle or pistol. The State's testimony was to the effect that the exhibits sent up are all that was involved.

The trial court erred in overruling and denying defendant's motion to exclude the State's evidence, also in refusing to defendant the affirmative charge request-

ed in writing, and in overruling defendant's motion for a new trial, as clearly, the verdict of the jury and the judgment of conviction was contrary to the great weight or preponderance of the evidence.

Reversed and rendered.