The defendant was indicted and convicted for robbery in the first degree. Alabama Code 1975, Section 13A-8-41 (Amended 1977). He was sentenced as an habitual offender to 99 years' imprisonment. Two issues are presented on appeal.
 I
The conflict established by the alibi testimony presented by the defendant and the identification testimony presented by the robbery victim was peculiarly within the province of the jury to resolve. Welch v. State, 278 Ala. 177, 179, 176 So.2d 872
(1965); Aaron v. State, 271 Ala. 70, 80, 122 So.2d 360 (1960). "A jury question is always presented where there is a conflict between the State's case and the appellant's alibi." Crow v.State, 365 So.2d 1254, 1256 (Ala.Cr.App. 1978), cert. denied,Ex parte Crow, 365 So.2d 1256 (Ala. 1979). *Page 794 
 "(T)he soundness of accused's alibi, the credibility of witnesses testifying on the question of his alibi, the weight to be given the evidence adduced in support of such defense, and, even though there is no direct testimony to contradict accused's alibi evidence, the truthfulness of the alibi, are matters for the consideration of the jury."
23A C.J.S. Criminal Law, Section 1128 (1961).
 II
The defendant contends that his motion for new trial should have been granted on the basis of the newly discovered evidence that his brother had committed the robbery. This evidence consisted of the affidavits of four convicted felons incarcerated in the Morgan County Jail that the defendant's brother, Jimmy Garrison, had stated that he committed the robbery. Although not supported by the record, the defendant alleges that his brother is "presently on escape status from the Lawrence County Jail."
The trial judge properly denied the defendant's motion for new trial.
 "New evidence tending to prove another person committed the offense for which the accused was convicted may be grounds for a new trial. Such evidence must, however, be admissible on retrial of the cause. Houston v. State, 208 Ala. 660, 95 So. 145. Evidence of the guilt of another cannot be proven by a confession or statement by another that he committed the offense with which the accused was charged. Such evidence is mere hearsay. Goldsmith v. State, 232 Ala. 436, 168 So. 547; Prince v. State, Ala.Cr.App., 356 So.2d 750."
 McBryar v. State, 368 So.2d 568, 574 (Ala.Cr.App.), cert. denied, 368 So.2d 575 (Ala. 1979).
The testimony of a witness that a person, other than the defendant, confessed to the witness that he himself committed the crime charged against the defendant, is hearsay and inadmissible. Welsh v. State, 96 Ala. 92, 96, 11 So. 450
(1891). "Such declarations are hearsay evidence, the weakest, most uncertain, and most dangerous." Snow v. State, 58 Ala. 372,375 (1877); Smith v. State, 9 Ala. 990, 995-96 (1846);Prince v. State, 356 So.2d 750, 751 (Ala.Cr.App. 1978). Because the testimony of the four inmates that the defendant's brother had told them that he had actually committed the robbery for which the defendant was convicted constituted inadmissible hearsay, the trial judge properly denied the motion for new trial.
We have answered all the issues raised by the defendant on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.