This Court granted the State's petition for writ of certiorari to decide the following issue:
Whether the Court of Criminal Appeals correctly decided that the trial court erred by allowing two witnesses to testify about statements made by one alleged to be the defendant's accomplice that incriminated the defendant in the crime, after defendant's counsel had on cross-examination elicited testimony regarding those statements.
We are of the opinion that the Court of Criminal Appeals erred, and we reverse its judgment.
We set out those facts essential for the purpose of review of this issue, noting that the opinion of the Court of Criminal Appeals Kennard v. State, 531 So.2d 927 (Ala.Crim.App. 1986), recounts the facts in detail.
Defendant Alvin Kennard and Wendall Davis were arrested at the home of Davis's girlfriend, Regina Jones, shortly after a robbery was committed at the Highlands Bakery. Certain incriminating evidence was found at Jones's residence, and Kennard and Davis were charged with the robbery. After his arrest, Davis gave the authorities a statement in which he admitted that he and Kennard robbed the bakery. Kennard was tried and convicted of first degree robbery under Code 1975, §13A-8-41.
At Kennard's trial, his counsel cross-examined one of the arresting police officers, Sergeant Gwin, as follows:
 Q. Wendell Davis admitted to you that he robbed the Highland Bakery; didn't he?
A. Yes, sir.
Q. Alvin Kennard denied it?
A. Alvin Kennard didn't give me a statement.
Q. He didn't admit it; did he?
A. No, sir.
Q. Wendell Davis did; didn't he?
A. Yes, sir.
On redirect examination of Officer Gwin, the prosecutor responded to the above cross-examination by defense counsel with the following line of questioning:
 Q. Sgt. Gwin, during the cross-examination, Mr. Armstrong asked you about Wendell Davis's conversation you had with him admitting robbing the bakery. Do you recall that?
A. Yes, sir.
 Q. You recall that conversation you had with Wendell Davis when he admitted that?
A. Yes, sir.
 Q. Would you relate to this jury, please, the rest of the conversation you had with Wendell Davis at that time concerning the robbery of Highland Bakery?
 MR. ARMSTRONG: Judge, that is what I objected to. I won't belabor this. But, for the record in the jury's presence, I object on the same ground as previously assigned, wherein the question has not been asked in front on the jury.
THE COURT: Overruled. I will give you an exception.
 Q. (By Mr. Tucker, State's attorney): You can answer that question.
 A. We asked Wendell Davis about the robbery. And he told us that he and Alvin Kennard committed the robbery. And he loaned Alvin Kennard his knife and his ski mask. That they stood on the corner — correction, on the alley by the bakery until a car left and went inside the bakery. And Alvin Kennard carried one of the ladies working in there to the back of the store.
 Wendell Davis went to the front cash register and got the money out of there. He then yelled for Kennard, "let's go." And Davis ran out of the store and Kennard followed after that.
Q. Did he say how long afterward he followed him?
 A. Just a very brief period of time. A few seconds. A half minute or something like that.
Q. And did he tell you where they went after that? *Page 936 
 A. Yes, sir, that they went to his girlfriend's house.
Q. Whose girlfriend's house?
 A. Davis's girlfriend's house. Her name is Regina Jones.
During cross-examination by Kennard's counsel, Regina Jones testified in part:
 Q. You are aware that there is a current charge placed against Wendell Davis, are you not?
A. I don't know what you mean.
 Q. Has he been charged with a crime, a criminal crime [sic]?
A. I guess so. I really don't know.
 Q. And you and Wendell haven't discussed any testimony that you might give or he might give in this case; have you?
A. No.
 Q. Wendell tell you he loaned Alvin a knife and a ski mask?
A. No.
 Q. (By Mr. Armstrong). Wendell tell you he admitted to this robbery?
MR. TUCKER: Judge, I object to hearsay.
THE COURT: I will let her answer.
A. Yes, he did.
The prosecutor responded to the above testimony with the following line of questioning on redirect examination of Jones:
 Q. The same time Wendell told you he did this robbery, did he tell you who did it with him?
MR. ARMSTRONG: Objection.
THE COURT: I will let her answer.
 MR. ARMSTRONG: We except to the Court's ruling and assign grounds therefor, it is illegal, incompetent testimony. It's hearsay.
THE COURT: Overrule your objection.
 Q. (By Mr. Tucker): Did he tell you who did it with him?
A. Yes. He called him Twin.
Q. Who is Twin?
A. Alvin Kennard.
Q. That man right there?
A. Yes, sir.
The Court of Criminal Appeals reversed Kennard's conviction, holding that the above statements of Davis, elicited through the testimony of Gwin and Jones, violated Kennard's Sixth Amendment right to confront and cross-examine Davis as recognized in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074,13 L.Ed.2d 934 (1965). The court further held that the doctrine of "curative admissibility" did not allow the admission of the objectionable testimony.
The Court of Criminal Appeals justified its decision by stating:
 [T]he evidence offered by the State to which defendant's objection was made went beyond the scope of the principle of "curative admissibility," as to which it was stated by Justice Simpson in Cook v. Latimer, 274 Ala. 283, 287, 147 So.2d 831, 834
(1962):
 The doctrine of "curative admissibility" is well recognized (See McElroy, Ala. Evid. Vol. 1, § 14.01 and cases noted therein). The line marking the limits of admissibility is somewhat adumbrant. Where no prejudice has occurred, the rule of course should not apply. The illegal rebuttal evidence may be admitted only to the extent that it cures the effect of the admission of the first illegal evidence. Where the first illegal evidence is highly prejudicial, the opponent should be allowed to reply as a matter of right to erase from the minds of the jurors the first illegal evidence.
 In our opinion, there was no prejudice to the State by any "opening of the door" by the defendant's introduction into evidence by the witnesses for the State that Wendell Davis had admitted that he had committed the robbery, as to which the trier of the facts, the jury, would have wanted and been entitled to know. Furthermore, we are of the opinion that whatever opening of the door occurred was not sufficient for the passage through it of the details of what Wendell Davis had stated in his confession, highly injurious to defendant, to the denial of any opportunity afforded defendant to cross-examine Wendell Davis. . . .
The State concedes that ordinarily it cannot use the confession of an accomplice as *Page 937 
evidence against the defendant where the accomplice is not available for cross-examination. See Douglas v. Alabama, supra.
However, the State argues that in the instant case, the questioning by Kennard's counsel was an attempt to use selected portions of Davis's statement to show that it was Davis, and not Kennard, that committed the robbery, and that this use of the statement was prejudicial to the State. Furthermore, the State argues that the objectionable redirect testimony was within the scope of permissible rebuttal to the cross-examination testimony elicited by Kennard's counsel.
We are of the opinion that the ordinarily objectionable redirect testimony brought out by the State through Gwin and Davis falls within the perimeter of the curative admissibility rule. First, the testimony brought out by Kennard's counsel during cross-examination was hearsay not coming within any exception to the hearsay rule, and therefore, not admissible. As stated in Goldsmith v. State, 232 Ala. 436, 437,168 So. 547, 548 (1936):
 Under a long line of decisions by this court, while an accused may be permitted to show that another committed the offense, that cannot be done by proving a confession or statement by another that he committed the offense with which the accused is charged. Such evidence is but hearsay. West v. State, 76 Ala. 98; Snow v. State, 58 Ala. 372; Welsh v. State, 96 Ala. 92, 11 So. 450; McDonald v. State, 165 Ala. 85, 51 So. 629; Donnelly v. United States, 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820, Ann.Cas. 1913, 710.
It has been held that hearsay of the nature of that in the instant case is not admissible for any purpose other than to test the credibility of the declarant as a witness at trial.McDonald v. State, 165 Ala. 85, 51 So. 629 (1910).
Second, we cannot say that the cross-examination testimony of Gwin and Davis was not prejudicial to the State. It is apparent that the jury could have concluded from this selected testimony that Davis and some other person, not Kennard, committed the robbery. Indeed, this selected testimony supported Kennard's alibi defense.
Third, we are of the opinion that the rebuttal testimony of the State was not excessive.
 The rule is, if on cross-examination of a witness the party brings out a part of a transaction, or conversation, the other party may inquire fully into the transaction or bring out the whole conversation on reexamination. Gibson v. State, 91 Ala. 64, 69, 9 So. 171; Lanier v. Branch Bank at Montgomery, 18 Ala. 625; Ford v. Bradford, 218 Ala. 62, 117 So. 429; Catts v. Phillips, 217 Ala. 488, 117 So. 34.
Richardson v. State, 237 Ala. 11, 12, 186 So. 580, 581 (1938). In R.C. Bottling Co. v. Sorrells, 290 Ala. 187, 189-90,275 So.2d 131, 133-34 (1973), Justice Jones noted:
 While [the] general proposition is well established, we must hasten to add that said rule is subject to an important qualification; i.e., those parts of the previously introduced conversation relating to entirely separate and independent subjects, or to matters not relevant to the issues on trial, may not be brought out. 58 Am.Jur. at 353.
 The precise problem presented by the instant case was answered by this Court in Bank of Phoenix City v. Taylor, 196 Ala. 665, 72 So. 264, as follows:
 The rule that irrelevant, incompetent, or illegal evidence may be admitted without error to rebut evidence of a like character, must be limited to cases in which the rebuttal is confined to the evidential fact to which such evidence was first adduced. It is not contended, of course, that such evidence, once admitted, opens the way to the adverse party for the indiscriminate introduction of like evidence touching the ultimate facts in litigation. The rebuttal in such cases by irrelevant, incompetent, or illegal evidence, must be limited to such evidence of the same character as tends directly and strictly to contradict that which has been received. *Page 938 
The additional portions of Davis's statements made to Gwin and Jones, and introduced through their testimony, were not indiscriminate evidence of separate or independent subjects, but, rather, evidence that directly contradicted the evidential fact for which defense counsel first introduced portions of Davis's statements. Although the redirect testimony directly touched on the ultimate facts in the prosecution (Kennard's commission of the robbery) and was undoubtedly prejudicial to Kennard's defense, it was within the perimeter established by defense counsel's cross-examination.
The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded to that court.
REVERSED AND REMANDED.
TORBERT, C.J., and BEATTY, HOUSTON and STEAGALL, JJ., concur.
MADDOX, JONES, ALMON and SHORES, JJ., dissent.