McMILLAN, Judge.
This cause was reversed and remanded by this court with an opinion authored by a supernumerary judge. Kennard v. State, 531 So.2d 340 (Ala.Cr.App.1985). That decision was reversed by the Alabama Supreme Court and the cause remanded to this court. Kennard v. State, 531 So.2d 934 (Ala.1986), cert. denied, — U.S.-, 108 S.Ct. 176, 98 L.Ed.2d 129 (1987). The *939 Alabama Supreme Court overruled the application for rehearing on May 8,1987, and a petition for writ of certiorari was denied by the United States Supreme Court on October 5, 1987.
The first issue raised by the appellant has been resolved and thoroughly discussed by the Alabama Supreme Court. See Kennard v. State, supra. The other issues raised by the appellant will be discussed herein.
I
The appellant argues that the trial court committed error in overruling his motion for judgment of acquittal because, he says, proper predicates and chains of custody were not established for the introduction of the State’s exhibits. Specifically, the appellant alleges that prosecution witnesses failed to positively identify the exhibits because they gave such tentative responses as: “It looks like”; “That appears to be”; “That looks like the ski mask he had on”; and “It looks just like the jacket he had on.” The record indicates that defense counsel objected on the grounds that the proper predicate had not been laid for the admission of the jacket, the glove, the ski mask, and the toboggan. Detective Sergeant Wayne Gwin testified that he took possession of each of these items from Sergeant Johnson and had had them in his custody since that time. He testified that each was in substantially the same condition as when he received it. Sergeant Johnson testified that he recovered each of these items from the house where the appellant was apprehended. He testified that each was in substantially the same condition as when he recovered it. A proper chain of custody was proven for each of these items.
“The establishment of a chain of custody is needed to show a reasonable possibility that evidence has not been tampered with or altered. Smith v. State, 446 So.2d 68 (Ala.Crim.App.1984); Tate v. State, 435 So.2d 190 (Ala.Crim.App. 1983). However, it is not necessary to prove to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object at the commencement of the chain. Slaughter v. State, 411 So.2d 819 (Ala.Crim.App.1981), cert. denied, 411 So.2d 819 (Ala.1982). See also, Mauldin v. State, 402 So.2d 1106 (Ala.Crim.App.1981); Sexton v. State, 346 So.2d 1177 (Ala.Crim.App.), cert. denied, 346 So.2d 1180 (Ala.1977). Moreover, where a weak link in the chain of custody is said to exist, it presents a question of the credit and weight to be afforded the evidence rather than the admissibility of the item. Williams v. State, 375 So.2d 1257 (Ala.Crim.App.), cert. denied, 375 So.2d 1271 (Ala.1979).”
Sommer v. State, 489 So.2d 643, 645 (Ala. Cr.App.1986). See also Beavers v. State, 497 So.2d 612, 616 (Ala.Cr.App.1986); Powell v. State, 515 So.2d 140, 144 (Ala.Cr.App. 1986).
Any of the “tentative” statements made by the witnesses identifying the items of evidence should go to credibility rather than admissibility. Beavers v. State, supra, at 616; Lott v. State, 456 So.2d 857 (Ala.Cr.App.1984).
II
The appellant argues that the trial court erred by admitting evidence which was the product of an allegedly illegal, warrantless arrest which was not supported by probable cause. Specifically, he alleges that the trial court erred by admitting the various items of evidence which were seized incident to the arrest, as well as the post-arrest lineup and identification. The record indicates that the defense counsel objected to certain questions asked of the witness concerning the identification on the grounds of the form of the question. He objected to the introduction into evidence of the photograph on the grounds that it was not properly identified. As previously stated, objections were made to the other items of evidence on the grounds that the State had failed to establish a proper predicate for their admission. No objections were made on the ground now alleged on appeal; thus, this issue was not preserved. See Saffold v. State, 485 So.2d *940 806 (Ala.Cr.App.1986); Crawford v. State, 485 So.2d 391 (Ala.Cr.App.1986); Johnson v. State, 479 So.2d 1377 (Ala.Cr.App.1985); Helms v. State, 478 So.2d 9 (Ala.Cr.App.1985).
III
The appellant argues that the application by the trial court of the Habitual Felony Offender Act to the appellant violated the Eighth Amendment because, he says, the sentence was disproportionate to the crime committed. No objection to the appellant’s sentencing appears on the record; therefore this issue was not preserved. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), affirmed, 471 So.2d 493 (Ala.1985); Smith v. State, 409 So.2d 455 (Ala.Cr.App.1981).
AFFIRMED.
All Judges concur.