BOWEN, Judge,
concurring.
I concur in the majority opinion holding that the evidence excluded by the trial court was not hearsay and was admissible. However, the appellant raises at least three other issues on appeal which have merit and which the majority opinion does not address.
Appellant claims that the indictments did not sufficiently apprise him of what he was called upon to defend. He also argues that the State did not sufficiently prove what it alleged in the indictments. Finally, he insists that principles of double jeopardy prevent his punishment for both theft by deception and uttering a forged instrument.
None of the thirteen counts of the indictment is a model of clarity. However, theft counts 1, 3, 5, 7, and 9 allege, in substance, that appellant obtained the property of the Gas District by falsely altering insurance policies to reflect higher premiums than those charged by the issuing insurance companies, and then by using those altered policies to charge to and collect from the Gas District payments in excess of the actual premiums due under the policies.
I believe appellant was entitled to a judgment of acquittal on counts 1, 5, 7, and 9 because the State simply did not prove what it alleged in those counts. Even assuming that appellant altered the named insurance policies and then delivered them to the Gas District, the State did not prove that the altered policies caused or induced the Gas District to part with its money.
The Model Penal Code formulation of theft, upon which Alabama’s theft by deception offense is based, covers “what was formerly false pretenses and larceny by *921 trick.” 2 W. LaFave & A. Scott, Substantive Criminal Law § 8.8(d) at 415 (1986). “For false pretenses it is necessary that the swindler’s misrepresentation cause the victim to pass title to his property or money to the swindler_ [F]or false pretenses it is required that the victim pass title to his property in reliance upon the swindler’s misrepresentation.” Id., § 8.7(c) at 390-91 (emphasis in original) (footnote omitted).
The undisputed testimony at trial established that the Gas District parted with its money and paid appellant in full four to six weeks before the policies were ever issued by the companies, received by the appellant, delivered to the Gas District, or altered by anyone! The Gas District paid appellant for the insurance coverage described in counts 1, 5, 7, and 9 in response to appellant’s invoices and not in response to the receipt of the policies themselves. The State neither alleged nor proved that appellant’s invoices were falsely altered. In fact, the prosecution proved that (1) the amounts stated to be due and payable on appellant’s invoices corresponded to the amounts proposed on appellant’s bid for the insurance coverage, and (2) the Gas District accepted appellant’s bid.
Under the circumstances, the State did not prove the thefts it alleged in counts 1, 5, 7, and 9 of the indictment. If the State proved any theft of the property named in these counts (which I doubt), then the appellant would still have been entitled to a judgment of acquittal because of the fatal variance between indictment and proof.
“ ‘The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of the notice to which he is constitutionally entitled.’ House v. State, supra, 380 So.2d [940] at 942-43 [(Ala.1979)] (emphasis added).
[[Image here]]
“The defendant is called upon to answer only the specific charge contained in the indictment. Underwood v. State, 33 Ala.App. 314, 33 So.2d 379 (1948). ‘No proposition of law is more fundamental than the one requiring that the proof at trial must correspond with the material allegations of the indictment.’ Gray v. State, 346 So.2d 974, 978 (Ala.Cr.App. 1976), cert, quashed, 346 So.2d 978 (Ala. 1977); Owens v. State, supra, 46 Ala.App. [591] at 592, 246 So.2d [478] at 478 [(1971)].”
Ex parte Hightower, 443 So.2d 1272, 1274 (Ala.1983).
The State argues that it presented sufficient evidence of theft by deception from the following facts: (1) Appellant personally delivered the invoices for payment on occasion. This fact provides no evidence of intent to defraud. The invoices were not altered; the policies were. (2) Appellant was not given the authority to change the policies. The policy alterations were, without question, “unauthorized” by the issuing insurance companies, but that is not the issue. The indictment did not charge that appellant “exert[ed] unauthorized control” over the property of the insurance companies; it charged that he “obtained] by deception control” over the property of the Gas District, the owner of the property. See McCord v. State, 501 So.2d 520, 526-28 (Ala.Cr.App.1986). (3) Appellant never told the insurance companies that the policies were altered, nor did he report to the insurance companies that he collected additional monies above and beyond the premium and in addition to his commission. Based on indications in the record that appellant lost his insurance license as a result of the altered policies, it can be assumed that alteration of a policy constitutes a violation of insurance regulations. That fact is totally immaterial to this prosecution, however, since appellant was not charged with any offense against the insurance companies. Moreover, the insurance brokers who testified at trial acknowledged that appellant was not required to notify them of, or to share with them, any additional commission which he had billed and collected from the insured. (R. 118.)
Appellant is entitled to have the convictions reversed and judgment rendered in *922 his favor on counts 1, 5, 7, and 9. Count 3, however, withstood a motion for judgment of acquittal as to the existence of a theft by deception because the payment for the insurance coverage described in count 3 was due in periodic installments over the term of the policy and was not completed before the receipt of the policy. Thus, whether or not the Gas District relied on the policy alterations alleged in count 3 when it made its payments to appellant was a jury question. • The remaining theft counts may also present substantial questions about the sufficiency of the evidence.
Appellant argues that “charging him with forgery and theft, arising from the same fact situation constitutes double jeopardy.” This issue was preserved for our review by appellant’s “Motion for Judgment of Acquittal, Motion for New Trial, and Motion in Arrest of Judgment,” which alleged in ground number 16: “The charges against the defendant were barred by double jeopardy.” (R.93.)
The same insurance policies charged to be forged instruments in possession/uttering counts 2, 4, 6, 8, and 10 formed the basis for the deception alleged by the State in theft counts 1, 3, 5, 7, and 9. Thus, for each possession/uttering charge there was a corresponding theft charge alleging that appellant used the forged instrument to deceive and to deprive the owner of its property.
Following the analogy of Ex parte Oliver, 518 So.2d 705 (Ala.1987) (wherein the court held that issuing a worthless check is a lesser included offense of theft by deception), it appears that under the facts of this case, possession/uttering of a forged instrument is a lesser included offense of theft by deception. See also Ex parte Jordan, 486 So.2d 485 (Ala.1986). Appellant may not, consistent with the Double Jeopardy clause and § 13A-l-8(b)(l), Code of Alabama 1975, be convicted of both the offenses charged in counts 1, 3, 5, 7, 9 and the crimes charged in counts 2, 4, 6, 8, 10. Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). See Grady v. Corbin, — U.S.-, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).