683 So.2d 45 (1996)
Tomas Allen SNYDER, alias
v.
STATE.
CR-94-2266.
Court of Criminal Appeals of Alabama.
May 24, 1996.
Rehearing Denied July 3, 1996.
Certiorari Denied October 25, 1996.
*46 Glenn Davidson, Mobile, for Appellant.
Jeff Sessions, Atty. Gen., and James Prude, Asst. Atty. Gen., for Appellee.
Alabama Supreme Court 1951746.
TAYLOR, Presiding Judge.
The appellant, Tomas Allen Snyder, was convicted of murdering William Howell, a violation of § 13A-6-2, Code of Alabama 1975. The appellant was sentenced to life imprisonment. The appellant was first convicted of murder in 1993. This court reversed that conviction and remanded the case for a new trial. Snyder v. State, 644 So.2d 1289 (Ala.Cr.App.1994). The appellant was again convicted. The facts set out in Snyder are substantially similar to those presented in the present case. The appellant now appeals from his second murder conviction.

I
The appellant contends that the trial court erred in denying his motion for a new trial. Specifically, he contends that he is entitled to a new trial because of newly discovered evidence.
"To establish a right to a new trial based on newly discovered evidence, the petitioner must show the following: (1) that the evidence will probably change the result if a new trial is granted; (2) that the evidence has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching."
Ex parte Heaton, 542 So.2d 931, 933 (Ala. 1989).
The newly discovered evidence in this case allegedly involved the testimony of Tommy Deming. Tommy Deming was in the Mobile city jail in March 1992. He stated that during that time he became acquainted with Steven Yawn, a codefendant in the appellant's case. The appellant's attorney testified at the hearing on the motion for a new trial that he expected Mr. Deming to testify that Yawn told him that Yawn and Josh Bolen killed William Howell. Deming was further expected to testify that Yawn had told him that the appellant had nothing to do with Howell's murder. The appellant's attorney further stated that Deming did not reveal this information before trial because he did not want to get involved. Counsel stated that Deming told him that he liked Yawn and did not want to testify against him. Yawn had told Deming that he believed Snyder would be acquitted when his case went to trial the first time. Deming was in jail with Snyder at the time of the appellant's second trial. He did not relate this information to Snyder because, he told counsel, he believed that Snyder would be acquitted in his second trial. This newly discovered evidence is hearsay.
"The testimony of a witness that a person, other than the defendant, confessed to the witness that he himself committed the crime charged against the defendant, is hearsay and inadmissible. Welsh v. State, 96 Ala. 92, 96, 11 So. 450 (1891) [1892]. `Such declarations are hearsay evidence, the weakest, most uncertain, and most dangerous.' Snow v. State, 58 Ala. 372, 375 (1877); Smith v. State, 9 Ala. 990, 995-96 (1846); Prince v. State, 356 So.2d 750, 751 (Ala.Cr.App.1978)."
*47 Garrison v. State, 416 So.2d 793, 794 (Ala.Cr. App.1982).
The proposed evidence would not have been admissible at trial because it was hearsay; therefore, the trial court committed no error in denying the appellant's motion for a new trial. "Error does not occur when the trial court denied a motion for new trial based on evidence that would not have been admissible at a new trial." King v. State, 574 So.2d 921, 925 (Ala.Cr.App.1990). This case is a classic example showing the reason behind the rule against the admittance of hearsay evidence.

II
The appellant next contends that he was denied effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established the standard used to determine whether an appellant has been denied effective assistance of counsel. The two components necessary to establish ineffective assistance are:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."
Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.
The appellant claims that his trial counsel's performance was ineffective because, he says, counsel did not prepare for trial, never kept any appointments, requested a delay, knew the jury foreman, did not call witnesses whom Snyder wanted to call, did not request a jury charge on manslaughter, and stipulated to a birth certificate used to impeach Snyder's alibi witness. Trial counsel testified at the hearing on the new trial motion and refuted each of the appellant's allegations. The appellant has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that the result of the proceedings would have been different.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur, with COBB, J., concurring specially with opinion.
COBB, Judge, concurring specially.
I agree with the majority that Alabama law completely supports the decision by the trial court denying the appellant's motion for a new trial. See Flowers v. State, 586 So.2d 978 (Ala.Cr.App.1991). However, I do not believe that the present law regarding the inadmissibility of the declaration of a person who is unavailable to testify that he committed the offense for which another is being tried should continue to be the law of this state.
It is certainly time for the Alabama Supreme Court to revisit this issue. The federal courts and an increasing number of jurisdictions have recognized the importance of this type of evidence in the real mission of the criminal justice systemthe search for truth. Consequently, the trend has been to allow extrajudicial declarations of a criminal act to be admitted into evidence in a criminal trial. See 92 A.L.R.3d 1164 (1979).
In this case, the appellant produced a witness who had been a former cellmate and who was prepared to testify that he had been told by Steven Yawn, a codefendant in the appellant's case, that the appellant had nothing to do with the murder and that Yawn and Josh Bolen had murdered the victim. This evidence was inconsistent with the appellant's culpability and, if believed by a jury, would have exonerated the appellant as required by Thomas v. State, 539 So.2d 375 (Ala.Cr.App.1988), cert. denied, 491 U.S. 910, 109 S.Ct. 3201, 105 L.Ed.2d 709 (1989). In addition, there was substantial physical evidence that implicated both Yawn and Bolen.
*48 The federal rule strikes a balance by admitting statements against penal interest, on the condition that the statement's trustworthiness can be bolstered by corroborating evidence. Perhaps a similar requirement would reduce the concern of law enforcement officials and others that criminal defendants are more apt to know people who would perjure themselves.
In light of the above, I urge the Alabama Supreme Court to reexamine Alabama's present rule and to authorize the introduction of evidence that may lead law enforcement officials to discover that which they are charged to find: the truth.