BASCHAB, Presiding Judge,
concurring in the result.
Although I do not agree with all of the main opinion’s comments and reasoning, I do agree that we should remand this case for the trial court to set forth its reasons for denying the appellant’s motion for a new trial. I also specifically note:
“ ‘The testimony of a witness that a person, other than the defendant, confessed to the witness that he himself committed the crime charged against the defendant, is hearsay and inadmissible. Welsh v. State, 96 Ala. 92, 96, 11 So. 450 (1891) [1892], “Such declarations are hearsay evidence, the weakest, most uncertain, and most dangerous.” Snow v. State, 58 Ala. 372, 375 (1877); Smith v. State, 9 Ala. 990, 995-96 (1846); Prince v. State, 356 So.2d 750, 751 (Ala.Cr.App.1978).’
“Garrison v. State, 416 So.2d 793, 794 (Ala.Cr.App.1982).
“The proposed evidence would not have been admissible at trial because it was hearsay; therefore, the trial court committed no error in denying the appellant’s motion for a new trial. ‘Error does not occur when the trial court denied the motion for new trial based on evidence that would not have been admissible at a new trial.’ King v. State, 574 So.2d 921, 925 (Ala.Cr.App.1990).”
Snyder v. State, 683 So.2d 45, 46-47 (Ala. Crim.App.1996). See also Apicella v. State, 809 So.2d 841 (Ala.Crim.App.2000); McBryar v. State, 368 So.2d 568 (Ala.Crim.App.1979).